**E. D. S. ENERGY DEVELOPMENT SERVICES, INC. d/b/a Gulf States Drilling Co., Appellant,**

v.

**BANDERA TRUCKING COMPANY, Appellee.**

**No. 5477.**

Court of Civil Appeals of Texas, Eastland.

June 18, 1980.

Rehearing Denied July 10, 1980.

**216**

John E. Rapier, Beecham, Brown, Longenecker, Rapier & Yeager, Dallas, for appellant.

Lawrence B. Dale, McMahon, Smart, Wilson, Surovik & Suttle, Abilene, for appellee.

DICKENSON, Justice.

This is a venue case. The trial court overruled a plea of privilege, retaining venue under subdivision 23 of Tex.Rev.Civ. Stat.Ann. art. 1995 (Vernon 1964). The question on appeal is whether the evidence was legally and factually sufficient to support venue under this subdivision. We affirm.

Bandera Trucking Company sued E.D.S. Energy Development Services, Inc. d/b/a Gulf States Drilling Co., a Dallas corporation. Suit was filed in Taylor County for work done in Coleman and Callahan counties. Bandera contends that at least one transaction was based upon an oral agreement which was accepted in Taylor County when its employee was contacted by telephone by Gulf States. Bandera further claims that venue on all of the transactions involved in this lawsuit can be maintained under the "Middlebrook Doctrine."[1] We agree.

Gulf States contends in its brief that there is no evidence, or factually insufficient evidence, to support venue under subdivision 23, supra. We disagree. We have considered all of the evidence under the rule stated by *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951), and we conclude that the evidence is legally and factually sufficient to sustain the court's implied findings under subdivision 23, supra, which reads in pertinent part as follows:

> Suits against a private corporation . . may be brought . . . in the county in which the cause of action or part thereof arose . . . .

For a discussion of the venue facts under this clause of subdivision 23, see 1 McDonald, Texas Civil Practice § 4.30.2 (rev. 1965).

■ Where there is a long distance telephone call from a party in one county to a party in a second county which leads to an oral agreement, the agreement is regarded as having been made in the county in which the offer was accepted. *Curtis Peanut Co., Inc. v. United Sales Co.*, 283 S.W.2d 113 (Tex.Civ.App.—Dallas 1955, no writ); *Traders Oil Mill Co. v. Arnold Bros. Gin Co., Inc.*, 225 S.W.2d 1011 (Tex.Civ.App.—Galveston 1949, no writ). Venue can be maintained in the county where the agreement was made. See *Stone Fort National Bank v. Forbess*, 126 Tex. 568, 91 S.W.2d 674, at 676 (1936).

■ L. C. Williamson, a "truck pusher" for Bandera, testified that on four separate

---

1. The "Middlebrook Doctrine" is that a plaintiff who in good faith asserts multiple claims against the same defendant can maintain venue upon all claims in a county where venue is proper as to any of the claims. This doctrine and its exceptions are discussed in 1 McDonald, Texas Civil Practice § 4.38 (rev.1965).

occasions in June and July of 1979, Bandera performed services at the request of Gulf States' tool pusher. On each occasion Williams was called on the telephone while he was in Taylor County and asked if he could move a rig for Gulf States. He agreed to move the rigs, and the work was done.

On cross-examination Williams admitted that on some of the four occasions, he might not have been able to move the Gulf States rig at the exact time requested. This might raise some doubt on those oral agreements as to whether Bandera accepted Gulf States' offer in Taylor County or if Gulf States accepted a counter-offer while its tool pusher was in some other county. Williams was "reasonably sure" on the third transaction that he moved the Gulf States rig at the time requested because he hired some additional trucks to help move the rig. He was positive on the fourth transaction that the work was done at the time requested.

Since the evidence is legally and factually sufficient to support implied findings that at least one of the oral agreements was made in Taylor County, we hold that venue is proper as to all four transactions. *Middlebrook v. David Bradley Manufacturing Company*, 86 Tex. 706, 26 S.W. 935 (1894).

The judgment of the trial court is affirmed.