**Jimmy DOMINGUEZ, Appellant,**

v.

**Jim MONTGOMERY and Mart Montgomery, Appellees.**

**No. 07–88–0063–CV.**

Court of Appeals of Texas, Amarillo.

July 28, 1988.

Harold Phelan, Phelan, Moreland & Phelan, Levelland, for appellant.

Andy Kupper, Levelland, for appellees.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

The sole question in this, Jimmy Dominguez's appeal from a judgment rendered by the district court of Hockley County on a jury verdict, decreeing his monetary recovery from Jim Montgomery and Mart Montgomery for conversion, is whether the district court of Lubbock County, where the suit originally was filed, properly sustained the Montgomerys' pleas of privilege to be sued in Hockley County. Concluding that the court erroneously sustained the pleas, we will sustain Dominguez's point of error, reverse the judgment, and remand the cause for transfer to Lubbock County.

On 10 November 1981, Dominguez and the Montgomerys, all residents of Hockley County, executed a contract of sale by which there were sales and exchanges of possession of personal properties. By the terms of the contract material to the question on appeal, the Montgomerys sold to Dominguez and gave him possession of a 1978 Ford 5–ton truck, but title to it was not to be placed in his name until the entire amount owed to Associates Commercial Corporation, the owner and holder of a note secured by a mortgage against the truck, was paid in full by Dominguez making the monthly payment on the note to the Montgomerys, who would pay Associates. The contract neither contained a security provision to protect the Montgomerys' interest in the truck nor reserved to the Montgomerys any right to repossess the truck.

Dominguez admittedly was one month delinquent on the note payments on 16 April 1982. On that date, Mart Montgomery, with the consent and approval of Jim Montgomery, located the truck in Lubbock County and, without the permission of Dominguez, took possession of the truck and refused to return it to Dominguez.

Thereafter on 7 March 1983, Dominguez filed the suit underlying this appeal in the 99th District Court of Lubbock County, seeking both actual and exemplary damages from the Montgomerys for the conversion of the truck. The Montgomerys each filed a plea of privilege to be sued in Hockley County. Dominguez controverted the pleas, alleging that he was entitled to maintain the suit in Lubbock County under subdivision 9 of article 1995, Texas Revised Civil Statutes Annotated (Vernon 1964).[1]

Subdivision 9, in association with the general venue rule of article 1995, then provided, in pertinent part, that:

No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:

\*     \*     \*     \*     \*     \*

9. Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed by the defendant, or by his agent or representative, or in the county where the defendant has his domicile....[2]

The trial court heard the venue matter on 11 August 1983 and, on 7 September 1983, signed an order sustaining the Montgomerys' pleas of privilege and transferring the cause to the 286th Judicial District Court of Hockley County, where the cause was tried on the merits.[3]

In this cause, venue signifies the propriety of Dominguez prosecuting his pleaded action against the Montgomerys in a particular county. To prosecute the action in Lubbock County in contravention of the Montgomerys' assertion of their right to be sued in Hockley County, the county of their domicile, Dominguez was required to allege and prove the venue facts of subdivision 9, the exception to the general venue rule upon which he relied. *Compton v. Elliott*, 126 Tex. 232, 88 S.W.2d 91, 93 (1935).

Whether Dominguez alleged the venue facts of subdivision 9 depends upon his pleadings and the relief he seeks. *Renwar Oil Corporation v. Lancaster*, 154 Tex. 311, 276 S.W.2d 774, 775 (1955). Dominguez alleged that he was rightfully in possession of the truck under the contract of sale when the Montgomerys, unlawfully and without authority, took possession of the truck in Lubbock County and refused to return it upon demand, thereby causing the damages for which he pleaded.

The pleadings, setting forth Dominguez's possession of the truck and the Montgomerys' assumption of dominion and control over it in Lubbock County without a possessory right to it, sufficiently alleged a conversion in Lubbock County. *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex.1971). The conversion is a trespass within the meaning of subdivision 9 of article 1995. *Loomis v. Sharp*, 519 S.W.2d 955, 958 (Tex.Civ.App.—Texarkana 1975, writ dism'd).

To support his pleadings, Dominguez was required to prove that the conversion was committed and that it was committed in Lubbock County. *Compton v. Elliott, supra*, 88 S.W.2d at 93. Not only was the proof undisputed that Dominguez had the possessory right to the truck and the Montgomerys had none under the contract of sale when Mart Montgomery assumed possession and control of it in Lubbock County, but at the trial on the merits, the jury

---

1. By virtue of the nonsubstantive revision of the Texas statutes, article 1995 as it existed in its amended form on 1 September 1985 was reclassified and rearranged on that date as sections 15.001–15.064 of the Texas Civil Practice and Remedies Code Annotated (Vernon 1986). Act of June 16, 1985, ch. 959, § 1, 1985 Tex.Gen. Laws 3242, 3246–49.

2. Effective 1 September 1983, article 1995 was extensively amended, which included the elimination of subdivision 9 as a separate subdivision. Act of June 17, 1983, ch. 385, § 1, 1983 Tex.Gen.Laws 2119.

3. Although the venue matter was adjudicated under the venue statute as it existed prior to its amendment effective 1 September 1983, the fact that the venue order was not signed until after 1 September 1983 prevented an interlocutory appeal from the venue determination and delayed appellate review of it until an appeal from the trial of the cause on the merits. Act of June 17, 1983, ch. 385, §§ 1, 3, 1983 Tex.Gen.Laws 2119, 2124–25.

found the three remaining disputed fact issues regarding the conversion itself favorable to Dominguez. The jury's verdict, in association with the undisputed facts, established the conversion, and the verdict is a proper consideration in determining venue. Tex.Civ.Prac. & Rem.Code Ann. § 15.064(b) (Vernon 1986). The Montgomerys have not challenged the jury's verdict in any manner and, therefore, it is binding. *Shaver v. National Title & Abstract Co.*, 361 S.W.2d 867, 870 (Tex.1962). Consequently, the Montgomerys will not be heard to suggest, as they do, reasons why the Lubbock County district court, without making findings of facts and conclusions of law, may have legitimately sustained their pleas of privilege.[4]

It follows that Dominguez alleged and proved the venue facts necessary to prosecute his action in Lubbock County, and the Lubbock County district court erroneously sustained the Montgomerys' pleas of privilege. The court's determination of improper venue was reversible error. Tex.Civ. Prac. & Rem.Code Ann. § 15.064(b) (Vernon 1986). Accordingly, Dominguez's point of error is sustained.

The judgment of the trial court is reversed and the cause is remanded to the trial court for transfer to the 99th Judicial District Court of Lubbock County, where the cause will be subject to the rules governing the administration of cases in that county. Tex.Gov't Code Ann. § 75.011 (Vernon 1988).

---

**4.** In this connection, we parenthetically note that were the reasons advanced viable ones for consideration, they, and the authorities cited in support of them, would not be persuasive in the light of the authoritative principles set forth in this opinion as applicable to and controlling of the fact situation in this cause.