Humphrey v. May 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-89-102-CV





C. J. HUMPHREY AND HAROLD W. OCHSNER,




 APPELLANTS


vs.





DUANE MAY AND PATRICIA MAY,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 399,481, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING



 





 This appeal presents the question of whether a jury
finding on a fact affecting venue, made as part of the jury's
verdict after trial on the merits, controls over a contrary
determination previously made by the trial court in ruling on a
motion to transfer venue. Appellees, Duane and Patricia May, sued
their former attorneys, C. J. Humphrey and Harold W. Ochsner, for
negligence, breach of contract, breach of fiduciary duty, and
violations of the Texas Deceptive Trade Practices Act, Tex. Bus. &
Comm. Code Ann. §§ 17.41-.63 (1987 & Supp. 1991) (DTPA). The trial
court denied defendants' motion to transfer venue. (1) After a jury
trial, the court rendered judgment on the verdict for the Mays for
actual damages, DTPA "additional damages," and attorney's fees. 
Defendants appeal, asserting in their single point of error that
venue was improper. We will affirm.

 In 1982 the Mays, who resided at that time in Amarillo,
purchased a tract of land in New Mexico. After the transaction, a
dispute arose between the Mays and their vendors. The Mays
retained defendants, also of Amarillo, to represent them in filing
a lawsuit against the vendors. Their fee arrangement included a
"contingent fee" provision whereby defendants would receive 30% of
any recovery by the Mays. Suit was filed in the United States
District Court for the Northern District of Texas, Amarillo
Division. A little more than a year later, the suit was settled. 
In the settlement, the Mays were to receive the New Mexico land
free and clear of incumbrances.

 In connection with the settlement, a dispute arose
between the Mays and defendants over whether defendants had agreed
to waive their 30% contingent fee. The Mays contended that
defendants had made such an agreement -- or modification of the
original agreement -- on approximately January 6, 1986, in a
telephone call to the Mays in Austin, where the Mays were then
living. Defendants denied making any such agreement or
representation, and they subsequently filed, in the deed records of
the New Mexico county where the property was located, an affidavit
claiming a 30% interest in the land.

 The Mays then filed the present suit in Travis County. 
Humphrey filed a motion to transfer venue to Potter County,
asserting generally that all relevant activity had occurred in
Amarillo and that none had occurred in Austin. The Mays responded
that a part of the cause of action had arisen in Travis County; the
affidavit of Duane May contained the following:



On January 8, 1986 a telephone conversation took place
between myself and C.J. Humphrey. I was in my home in
Austin, Travis County, Texas during the entire
conversation.


During the course of this conversation the subject of
attorney's fees came up. Mr. Humphrey offered to modify
our written contract. The modification consisted of
discontinuing the thirty percent (30%) contingency
agreement and Mr. Humphrey retaining the Ten Thousand and
NO/100 Dollars ($10,000.00) already paid to him. I
accepted Mr. Humphrey's offer at this time and it was my
intention that our agreement would be modified to reflect
his offer.



Defendant Humphrey then filed a supplemental affidavit in which he
expressly denied that he had agreed to modify the fee agreement or
waive the 30% contingent fee. 

 Because the Mays properly pleaded the relevant venue
facts and filed affidavits specifically setting forth the facts
supporting their petition, they succeeded in presenting prima facie
evidence that venue was proper in Travis County. See E.D.S. Energy
Dev. Serv., Inc. v. Bandera Trucking Co., 601 S.W.2d 215 (Tex. Civ.
App. 1980, no writ). Accordingly, the trial court was required by
Rule 87(3)(c), Texas Rules of Civil Procedure, to deny Humphrey's
motion. Rule 87 does not provide for the trial court to weigh the
credibility of the affiants. The court's order denying Humphrey's
motion specified no particular ground for the ruling.

 At trial, the parties presented, by live testimony,
essentially the same disputed evidence on the contingent-fee-waiver
issue. The jury answered most liability questions favorably to the
Mays. However, the jury answered "No" to the question, "Did C. J.
Humphrey or Harold Ochsner and Duane May or Patricia May agree to
cancel the 30 percent contingent attorney's fees?" The Mays do not
challenge by crosspoint the jury's answer to that question. 
Defendants contend that the Mays are "bound" by the jury's answer
and that the answer vitiates the trial court's prior venue
determination.

 Defendants rely primarily on section 15.064(b), Civil
Practice & Remedies Code:



On appeal from the trial on the merits, if venue was
improper it shall in no event be harmless error and shall
be reversible error. In determining whether venue was or
was not proper, the appellate court shall consider the
entire record, including the trial on the merits.



Tex. Civ. Prac. & Rem. Code Ann. § 15.064(b) (1986) (emphasis
added). Section 15.064(b) does not expressly state that a jury
finding at the trial on the merits will always control over the
trial court's earlier ruling. It simply requires the appellate
court to "consider" the record from the trial on the merits. In
addition, although section 15.064(b) requires the appellate court
to reverse "if venue was improper," it does not expressly set forth
any standard by which that determination is to be made.

 It appears that the provision mandating a reviewing court
to consider the "entire record" was designed to prevent a
plaintiff's "fraud, negligence, and exaggeration," as to venue
facts, that might not be discoverable until after a trial on the
merits. See Price, New Texas Venue Statute: Legislative History,
15 St. Mary's L. J. 855, 877 (1984). Such a purpose would not be
furthered, however, by an arbitrary rule that a jury's findings,
made on disputed evidence, control over the trial court's earlier
decision. In the present case, for example, no fraud, negligence,
or exaggeration by the Mays appears from the record; the jury
simply chose to believe the defendants' testimony over that of the
Mays on this issue. While not furthering legislative objectives,
a rule that jury findings control in such circumstances would often
result in a significant waste of judicial time and resources.

 We presume that, in enacting a statute, the legislature
intended a "just and reasonable result." See Texas Code
Construction Act, Tex. Gov't Code Ann. § 311.021(3) (1988). The
construction of section 15.064(b) urged by defendants would not
lead to such a result.

 In support of their position, defendants cite Kansas City
Southern Ry. v. Carter, 778 S.W.2d 911 (Tex. App. 1989, writ
denied), and Dominguez v. Montgomery, 754 S.W.2d 829 (Tex. App.
1988, no writ). Neither case is controlling under the present
circumstances. In Kansas City Southern, the court, while critical
of a procedure in which "a Texas appellate court is required to
review a matter which the trial court had no opportunity to act
upon," merely reviewed the "entire record" and found no error in
the trial court's venue decision. 778 S.W.2d at 915. In
Dominguez, the trial court held a plea-of-privilege hearing before
the new Texas venue statute went into effect, but did not sign the
order sustaining the defendants' pleas until after the statute's
effective date, thereby delaying appellate review of the venue
question until after trial on the merits. The appeals court
stressed that the proof demonstrating that the pleas should have
been denied "was undisputed." 754 S.W.2d at 830. The court then
concluded that "[t]he jury's verdict, in association with the
undisputed facts, established the conversion [cause of action], and
the verdict is a proper consideration in determining venue." 754
S.W.2d at 831. The existence of undisputed, conclusive evidence in
Dominguez distinguishes it from the present case. We express no
opinion on the extent to which a jury's verdict may, in
circumstances different from ours, be considered by a reviewing
court in "determining whether venue was or was not proper." We
hold that where, as here, a jury finding after trial on the merits
is made on disputed evidence, it is not controlling over an earlier
venue ruling made by the trial court in accordance with Rule 87. 
Accordingly, venue was not shown to be improper.

 The judgment of the trial court is affirmed.



 

 J. Woodfin Jones, Justice

[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: February 20, 1991

[Publish]
1.   Initially, Humphrey was the sole defendant. After
Humphrey's motion to transfer venue was heard by the trial court,
but before it was ruled on, Ochsner was made a defendant and
filed his own motion to transfer. The trial court then denied
Humphrey's motion, but never ruled on Ochsner's motion. In light
of our decision on the appeal from Humphrey's motion, we need not
address the effect of Ochsner's failure to obtain a ruling on his
motion.