**C.J. HUMPHREY and Harold W. Ochsner, Appellants,**

v.

**Duane MAY and Patricia May, Appellees.**

**No. 3–89–102–CV.**

Court of Appeals of Texas, Austin.

Feb. 20, 1991.

Rehearing Overruled March 20, 1991.

Tom Curtis, Robert O. Smith, Salmanson, Smith, Travis & Schrager, P.C., Austin, for appellants.

Felicia M. Sanov, Peter M. Kreisner, Austin, for appellees.

Before CARROLL, C.J., and JONES and ABOUSSIE, JJ.

JONES, Justice.

This appeal presents the question of whether a jury finding on a fact affecting venue, made as part of the jury's verdict after trial on the merits, controls over a contrary determination previously made by the trial court in ruling on a motion to transfer venue. Appellees, Duane and Patricia May, sued their former attorneys, C.J. Humphrey and Harold W. Ochsner, for negligence, breach of contract, breach of fiduciary duty, and violations of the Texas Deceptive Trade Practices Act, Tex.Bus. & Comm.Code Ann. §§ 17.41–.63 (1987 & Supp.1991) (DTPA). The trial court denied

defendants' motion to transfer venue.[1] After a jury trial, the court rendered judgment on the verdict for the Mays for actual damages, DTPA "additional damages," and attorney's fees. Defendants appeal, asserting in their single point of error that venue was improper. We will affirm.

In 1982 the Mays, who resided at that time in Amarillo, purchased a tract of land in New Mexico. After the transaction, a dispute arose between the Mays and their vendors. The Mays retained defendants, also of Amarillo, to represent them in filing a lawsuit against the vendors. Their fee arrangement included a "contingent fee" provision whereby defendants would receive 30% of any recovery by the Mays. Suit was filed in the United States District Court for the Northern District of Texas, Amarillo Division. A little more than a year later, the suit was settled. In the settlement, the Mays were to receive the New Mexico land free and clear of incumbrances.

In connection with the settlement, a dispute arose between the Mays and defendants over whether defendants had agreed to waive their 30% contingent fee. The Mays contended that defendants had made such an agreement—or modification of the original agreement—on approximately January 6, 1986, in a telephone call to the Mays in Austin, where the Mays were then living. Defendants denied making any such agreement or representation, and they subsequently filed, in the deed records of the New Mexico county where the property was located, an affidavit claiming a 30% interest in the land.

The Mays then filed the present suit in Travis County. Humphrey filed a motion to transfer venue to Potter County, asserting generally that all relevant activity had occurred in Amarillo and that none had occurred in Austin. The Mays responded that a part of the cause of action had arisen in Travis County; the affidavit of Duane May contained the following:

On January 8, 1986 a telephone conversation took place between myself and C.J. Humphrey. I was in my home in Austin, Travis County, Texas during the entire conversation.

During the course of this conversation the subject of attorney's fees came up. Mr. Humphrey offered to modify our written contract. The modification consisted of discontinuing the thirty percent (30%) contingency agreement and Mr. Humphrey retaining the Ten Thousand and NO/100 Dollars ($10,000.00) already paid to him. I accepted Mr. Humphrey's offer at this time and it was my intention that our agreement would be modified to reflect his offer.

Defendant Humphrey then filed a supplemental affidavit in which he expressly denied that he had agreed to modify the fee agreement or waive the 30% contingent fee.

■ Because the Mays properly pleaded the relevant venue facts and filed affidavits specifically setting forth the facts supporting their petition, they succeeded in presenting prima facie evidence that venue was proper in Travis County. *See E.D.S. Energy Dev. Serv., Inc. v. Bandera Trucking Co.*, 601 S.W.2d 215 (Tex.Civ.App.1980, no writ). Accordingly, the trial court was *required* by Rule 87(3)(c), Texas Rules of Civil Procedure, to deny Humphrey's motion. Rule 87 does not provide for the trial court to weigh the credibility of the affiants. The court's order denying Humphrey's motion specified no particular ground for the ruling.

■ At trial, the parties presented, by live testimony, essentially the same disputed evidence on the contingent-fee-waiver issue. The jury answered most liability questions favorably to the Mays. However, the jury answered "No" to the question, "Did C.J. Humphrey or Harold Ochsner and Duane May or Patricia May agree to cancel the 30 percent contingent attor-

1. Initially, Humphrey was the sole defendant. After Humphrey's motion to transfer venue was heard by the trial court, but before it was ruled on, Ochsner was made a defendant and filed his own motion to transfer. The trial court then denied Humphrey's motion, but never ruled on Ochsner's motion. In light of our decision on the appeal from Humphrey's motion, we need not address the effect of Ochsner's failure to obtain a ruling on his motion.

ney's fees?" The Mays do not challenge by crosspoint the jury's answer to that question. Defendants contend that the Mays are "bound" by the jury's answer and that the answer vitiates the trial court's prior venue determination.

Defendants rely primarily on section 15.-064(b), Civil Practice & Remedies Code:

> On appeal from the trial on the merits, if venue was improper it shall in no event be harmless error and shall be reversible error. In determining whether venue was or was not proper, *the appellate court shall consider the entire record, including the trial on the merits.*

Tex.Civ.Prac. & Rem.Code Ann. § 15.064(b) (1986) (emphasis added). Section 15.064(b) does not expressly state that a jury finding at the trial on the merits will always control over the trial court's earlier ruling. It simply requires the appellate court to "consider" the record from the trial on the merits. In addition, although section 15.-064(b) requires the appellate court to reverse "if venue was improper," it does not expressly set forth any standard by which that determination is to be made.

It appears that the provision mandating a reviewing court to consider the "entire record" was designed to prevent a plaintiff's "fraud, negligence, and exaggeration," as to venue facts, that might not be discoverable until after a trial on the merits. *See* Price, *New Texas Venue Statute: Legislative History,* 15 St. Mary's L.J. 855, 877 (1984). Such a purpose would not be furthered, however, by an arbitrary rule that a jury's findings, made on disputed evidence, control over the trial court's earlier decision. In the present case, for example, no fraud, negligence, or exaggeration by the Mays appears from the record; the jury simply chose to believe the defendants' testimony over that of the Mays on this issue. While not furthering legislative objectives, a rule that jury findings control in such circumstances would often result in a significant waste of judicial time and resources.

We presume that, in enacting a statute, the legislature intended a "just and reasonable result." *See* Texas Code Construction Act, Tex.Gov't Code Ann. § 311.021(3) (1988). The construction of section 15.-064(b) urged by defendants would not lead to such a result.

In support of their position, defendants cite *Kansas City Southern Ry. v. Carter,* 778 S.W.2d 911 (Tex.App.1989, writ denied), and *Dominguez v. Montgomery,* 754 S.W.2d 829 (Tex.App.1988, no writ). Neither case is controlling under the present circumstances. In *Kansas City Southern,* the court, while critical of a procedure in which "a Texas appellate court is required to review a matter which the trial court had no opportunity to act upon," merely reviewed the "entire record" and found no error in the trial court's venue decision. 778 S.W.2d at 915. In *Dominguez,* the trial court held a plea-of-privilege hearing before the new Texas venue statute went into effect, but did not sign the order sustaining the defendants' pleas until after the statute's effective date, thereby delaying appellate review of the venue question until after trial on the merits. The appeals court stressed that the proof demonstrating that the pleas should have been denied "was undisputed." 754 S.W.2d at 830. The court then concluded that "[t]he jury's verdict, in association with the undisputed facts, established the conversion [cause of action], and the verdict is a proper consideration in determining venue." 754 S.W.2d at 831. The existence of undisputed, conclusive evidence in *Dominguez* distinguishes it from the present case. We express no opinion on the extent to which a jury's verdict may, in circumstances different from ours, be considered by a reviewing court in "determining whether venue was or was not proper." We hold that where, as here, a jury finding after trial on the merits is made on disputed evidence, it is not controlling over an earlier venue ruling made by the trial court in accordance with Rule 87. Accordingly, venue was not shown to be improper.

The judgment of the trial court is affirmed.