IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-290-CV





MAPLE RUN AT AUSTIN MUNICIPAL UTILITY DISTRICT,



 APPELLANT


vs.





ARMBRUST & BROWN, P.C.,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT



NO. 454,514, HONORABLE JOSEPH H. HART, JUDGE PRESIDING



 




 Bill Milburn and James Monaghan were partners in Maple Run Municipal Utility
District (MUD) for the purpose of developing a residential housing subdivision. Armbrust &
Brown, P.C., as general counsel to Maple Run, represented Maple Run before the Texas Water
Commission from March through August of 1986 in an attempt to obtain approval of a bond
offering for the construction of water, sanitary sewer and drainage facilities for the subdivision. 
The Commission approved the bond offering in part because it anticipated that property tax
revenues from Milburn's projected homebuilding would be sufficient to repay the bond
indebtedness.

 During the same period of time, another Armbrust & Brown attorney represented
Milburn in negotiations for the sale of Milburn's interest in Maple Run to his partner, which
would eliminate Milburn's role as the primary homebuilder in the subdivision. Without the
projected tax revenues from Milburn's homebuilding, Maple Run alleges it will be unable to
continue to meet its bond indebtedness.

 Maple Run sued Armbrust & Brown for legal malpractice on theories of negligence
and breach of fiduciary duty. The trial court submitted a negligence question to the jury but
refused to submit Maple Run's proposed jury question and instruction on breach of a fiduciary
duty. The jury found that Armbrust & Brown was negligent in failing to advise Maple Run MUD
that it was representing Milburn, but refused to find that this negligent conduct was the proximate
cause of any damages to Maple Run.

 Maple Run appeals, complaining in two points of error that the trial court erred in
failing to submit the proposed jury question and instruction inquiring whether Armbrust &
Brown's failure to advise Maple Run it was representing Milburn was a breach of a fiduciary
duty. Maple Run argues that Armbrust & Brown's conduct was both negligent and a breach of
the fiduciary duty imposed by Disciplinary Rule 5-105 of the Code of Professional Responsibility. 
Supreme Court of Texas Code of Professional Responsibility D.R. 5-105 (1982, repealed 1989).

 Maple Run concedes that there is no Texas legal malpractice case holding that a
party is entitled to a separate jury submission of both negligence and breach of fiduciary duty. 
However, it asks this Court to recognize such a right, citing several Texas cases in which it 
argues the issue was submitted. See Humphrey v. May, 804 S.W.2d 328 (Tex. App. 1991, no
writ); Estate of Degley v. Vega, 797 S.W.2d 299 (Tex. App. 1990, no writ). In addition, it
argues that the trend is toward allowing clients to sue attorneys based upon legal theories other
than negligence. See DeBakey v. Staggs, 612 S.W.2d 924 (Tex. 1981); Johnson v. DeLay, 809
S.W.2d 552 (Tex. App. 1991, writ denied).

 We need not decide whether Maple Run was entitled to a separate jury submission
on the issue of breach of fiduciary duty. Before a judgment can be reversed and a new trial
ordered because of an error of law committed by the trial court in the course of the trial, an
appellate court must find that the error complained of "amounted to such a denial of the rights of
the appellant as was reasonably calculated to cause and probably did cause rendition of an
improper judgment in the case, or was such as probably prevented the appellant from making a
proper presentation of the case to the appellate court." Tex. R. App. P. Ann. 81(b)(1) (Pamph.
1992).

 The error complained of here, if any, did not cause the rendition of an improper
judgment. Maple Run's claims for negligence and for breach of fiduciary duty are both based
upon the same conduct, Armbrust & Brown's failure to inform Maple Run that the firm was
representing Milburn in the sale of his interest in Maple Run. Although the jury found that the
conduct violated one duty owed to Maple Run, it failed to find that Armbrust & Brown's conduct
was the proximate cause of any damages. Accordingly, even if the conduct also breached a
second duty, such a finding by the jury would not have caused rendition of a different judgment.

 For this reason, we overrule Maple Run's points of error and affirm the trial
court's judgment.



 Marilyn Aboussie, Justice


[Before Justices Aboussie, Jones and Kidd]

Affirmed

Filed:   March 4, 1992

[Do Not Publish]