**Zelwanda HENDRICK and Betty McLain, Appellants,**

**v.**

**Gary McMORROW, Appellee.**

**No. 09-92-259 CV.**

Court of Appeals of Texas, Beaumont.

March 25, 1993.

 

James H. Cromwell, Forrest K. Phifer, Norman, Thrall, Angle, Guy, Cromwell & Williams, Rusk, for appellants.

Charles R. Dendy, Lufkin, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

This is a summary judgment appeal. Zelwanda Hendrick and Betty McLain filed suit in Cherokee County against Don Burdette and Beverly Burdette individually and doing business as Bar B Miniatures, Ray Zoercher, Gary McMorrow and Dr. L. Douglas Ashburn, for deceptive trade practices, breach of implied warranty, negligence, and gross negligence in connection with the boarding and training of the plaintiffs' miniature horse. The petition alleged that on April 30, 1990, the horse was transported to Bar B Miniatures in Angelina County for training by Zoercher. The horse became ill about May 24, 1990 and died May 27, 1990. The defendants' motions for change of venue were granted and the case was transferred to Angelina County. McMorrow filed a motion for summary judgment. The trial court granted the motion and severed the take nothing judgment for McMorrow from the remainder of the suit. Appellants raise seven points of error.

A brief discussion of the summary judgment evidence is in order, although we shall address the challenge to the transfer of venue before we address the challenge to the summary judgment. The summary judgment affidavits of McMorrow and the Burdettes all stated that McMorrow has never worked for the Burdettes or their stable. McMorrow stated that he had no involvement in the transaction that was the subject of the suit. McMorrow urges there is no genuine issue of material fact, and McMorrow is entitled to judgment as a matter of law, because he was not involved in the transaction which is the subject of the suit. Hendrick and McLain filed affidavits in response which stated that advertisements in miniature horse magazines

caused them to form an opinion that Zoercher and McMorrow had a partnership, Wind Flight, which had formed a partnership with the Burdette's Bar B Miniatures. Copies of these advertisements were attached to the response; they offer animals for brood and stud; in one corner is the Burdettes' name, address and phone, and on the other is Zoercher's and McMorrow's. The motion for summary judgment also contained excerpts from the depositions of Hendrick and McLain in which each admitted they knew of no representation, warranty or negligent act by McMorrow, nor were they aware of any connection between McMorrow and Bar B Miniatures. Appellants complain these attachments were defective in that they were not properly certified.

Point of error seven contends the trial court erred in transferring venue. The defendants filed motions to transfer venue with attached affidavits establishing that all of the defendants lived in Angelina County, and the acts made the subject of the suit occurred in Angelina County. TEX. CIV.PRAC. & REM.CODE ANN. § 15.001 (Vernon 1986). Appellants argue that venue is proper in Cherokee County because in 1989 Zoercher solicited appellants by telephone at their ranch in Cherokee County, and because McMorrow published advertisements in magazines which were delivered to the Cherokee County ranch. TEX.BUS. & COM.CODE ANN. § 17.56 (Vernon 1987). Certainly permissive venue lies in Angelina County under the general venue statute. Appellants' point is that venue also lies in Cherokee County under the specific venue statute.

■ The issue is not whether venue was properly determined; rather, we must review the entire record to determine whether venue was or was not proper in the ultimate county of suit. *Ruiz v. Conoco, Inc.*, 36 Tex.Sup.Ct.J. 412, 417, — S.W.2d — (December 31, 1992). Appellate review of venue issues is governed by TEX. CIV.PRAC. & REM.CODE ANN. § 15.064 (Vernon 1986), which provides:

(a) In all venue hearings, no factual proof concerning the merits of the case shall be required to establish venue. The court shall determine venue questions from the pleadings and affidavits. No interlocutory appeal shall lie from the determination.

(b) On appeal from the trial on the merits, if venue was improper it shall in no event be harmless error and shall be reversible error. In determining whether venue was or was not proper, the appellate court shall consider the entire record, including the trial on the merits.

■ For all its apparent simplicity, this statute has been the subject of disparate interpretation by the courts of appeal. Cases cited by both appellants and appellee are called into doubt by the supreme court's opinion in *Ruiz*. Although *Ruiz* settles the question of the standard of review, it does not clarify what is meant by "improper" venue. The courts of appeal split on this issue. The Austin Court has held that a jury finding made on disputed evidence after a trial on the merits shall not control over an earlier venue ruling by the trial court. *Humphrey v. May*, 804 S.W.2d 328 (Tex.App.—Austin 1991, writ denied). The First Court of Appeals held that it was error not subject to a harm analysis for the trial court to transfer the case out of a county of permissive venue. *Maranatha Temple v. Enterprise Products*, 833 S.W.2d 736, 740 (Tex.App.—Houston [1st Dist.] 1992, writ denied). The El Paso court ruled it was harmless error to transfer a case from a county of permissive venue to another county of permissive venue under the general statute. *Lewis v. Exxon Co., U.S.A.*, 786 S.W.2d 724, 727 (Tex.App.—El Paso 1989, writ denied). The Texarkana court found harmless error where venue would have been proper in the ultimate county of suit, but for local prejudice. *Lone Star Steel Co. v. Scott*, 759 S.W.2d 144, 146 (Tex.App.—Texarkana 1988, writ denied). If we are to give the venue statutes their intended effect, we must follow the Austin and Houston courts. The venue statutes involved in this case provide for *permissive* venue. The choice of venue lies with the *plaintiffs*, unless they should file suit in a county

where venue will not lie and the defendant moves to transfer venue to a county of proper venue. *Maranatha Temple*, 833 S.W.2d at 741. Thus, we must examine the entire record to determine if there are sufficient facts to establish venue in Cherokee County under Section 17.56, keeping in mind that although Section 15.064 specifically refers to appellate review after trial of the merits, what has occurred in this case is not a trial on the merits but a summary judgment, where the non-movants' factual statements must be taken as true. In this situation, we believe we must accept as true appellants' disputed factual statement that Zoercher solicited them on the telephone.

■ This court has held that an advertisement published in a horse magazine meets the Section 17.56 solicitation requirement. *Appleby v. Hendrix*, 673 S.W.2d 295, 297 (Tex.App.—Beaumont 1984, no writ). In this case, the summary judgment evidence included the pertinent advertisement; the advertisement offers breeding services, not training, and is thus not a solicitation of this transaction. The Austin Court of Appeals has held that a single telephone call is sufficient prima facie evidence that venue is proper in the county where one of the parties to the call is located. *Humphrey v. May, supra*, 804 S.W.2d at 329. Although we disagree with the standard of review utilized by the Austin court, and instead review the entire record to determine if venue was proper, we must agree that telephonic solicitation of a transaction is sufficient to establish permissive venue under Section 17.56. Venue is proper in Cherokee County as to all defendants, not just Zoercher. TEX.CIV. PRAC. & REM.CODE ANN. § 15.061 (Vernon 1986). The rules of civil procedure contemplate a single venue proceeding. TEX. R.CIV.P. 87(5).

We find venue was proper in Cherokee County. The trial court erred in transferring venue to the county of defendants' choosing. The result is harsh and the rationale not as well suited to the orderly administration of justice as that reached by other courts, but the rules are the Legislature's making and not our own. Point of error seven is sustained. As it is dispositive of the case, we decline to address points of error one through six. The judgment of the trial court is reversed and remanded to the trial court for transfer to the Cherokee County District Court.

REVERSED AND REMANDED.