Rolando **ROSALES** and Esmeralda M. Cruz, Appellants,

v.

**H.E. BUTT GROCERY COMPANY**; Harvey Mabry; and Eva Wallace, Appellees.

No. 04–94–00284–CV.

Court of Appeals of Texas, San Antonio.

Aug. 23, 1995.

Rehearing Overruled Aug. 23, 1995.

746

Rene R. Barrientos, Law Offices of Pat Maloney, P.C., San Antonio and Timothy Patton, Pozza & Patton, San Antonio, for appellants.

W. Wendell Hall and Xavier Rodriguez, Fulbright & Jaworski, San Antonio, for appellees.

Before CHAPA, C.J., and STONE and GREEN, JJ.

## OPINION

CHAPA, Chief Justice.

## ON APPELLEES' MOTION FOR RE-HEARING AND MOTION FOR REHEARING EN BANC

Appellees' motion for rehearing is denied, the opinion of this court issued on May 10, 1995, is withdrawn, and this opinion is substituted therefore.

Appellants Rolando Rosales and Esmeralda Cruz appeal a summary judgment granted in favor of appellees, H.E. Butt Grocery Company, Harvey Mabry, and Eva Wallace. Appellants originally filed suit in Maverick County, alleging causes of action of defamation, negligent and intentional infliction of emotional distress, and invasion of privacy. The trial court granted appellees' motion to transfer venue to Bexar County, where this summary judgment was granted against appellants.

The dispositive issue before this court is whether the trial court erred in granting the motion to transfer venue. Tex.R.App.P. 90.

In 1983, the venue laws of this state were significantly changed. *See* Dan R. Price, *New Texas Venue Statute: Legislative History,* 15 *St. Mary's L.J.* 855, 881 (1984). "The new venue statute favors the plaintiff's right to maintain venue in the county in which the action was brought, rather than the defendant's right to transfer venue to its county of residence." *Tenneco, Inc. v. Salyer,* 739 S.W.2d 448, 449 (Tex.App.—Corpus Christi 1987, orig. proceeding).

In spite of this revision in the venue laws, appellate courts continue to struggle to understand the dictates of the legislature. *See, e.g., Hendrick v. McMorrow,* 852 S.W.2d 22, 24 (Tex.App.—Beaumont 1993, no writ) (statute is subject of "disparate" interpretation); *Kansas City S. Ry. Co. v. Carter,* 778 S.W.2d 911, 915 (Tex.App.—Texarkana 1989, writ denied) (statutory procedure "unfair" to trial judge and should be changed). Nonetheless,

we must attempt to apply the appropriate standard of review in each case.

In *Ruiz v. Conoco, Inc.,* 868 S.W.2d 752 (Tex.1993), the Texas Supreme Court recognized that the procedure for appellate review mandated by section 15.064(b) of the Texas Civil Practice and Remedies Code [1] "is fundamentally flawed because it allows appellate review of venue on a basis different from that on which it was decided." *Id.* at 757. Apparently concerned with this "fundamental flaw," the supreme court thereafter in *Wilson v. Texas Parks & Wildlife Dep't,* 886 S.W.2d 259 (Tex.1994), analyzed the venue statute and established the current standard of review, which "strikes a balance between the competing interests of the plaintiff and the defendant." *Id.* at 262. The court stated:

Venue selection presupposes that the parties to the lawsuit have choices and preferences about where their case will be tried. Venue may be proper in many counties under general, mandatory, or permissive venue rules. The plaintiff is given the first choice in the filing of the lawsuit. If the plaintiff's venue choice is not properly challenged through a motion to transfer venue, the propriety of venue is fixed in the county chosen by the plaintiff. If a defendant objects to the plaintiff's venue choice and properly challenges that choice through a motion to transfer venue, the question of proper venue is raised. The burden is on the plaintiff to prove that venue is maintainable in the county of suit. If the plaintiff fails to meet this burden, the trial court must transfer the lawsuit to another specified county of proper venue [if the defendant then proves that venue is maintainable in the county to which transfer is sought]. If the plaintiff meets the burden, the trial court must maintain the lawsuit in the county where it was filed. Tex.R.Civ.P. 87-3(c) ("If a claimant has adequately pleaded and made prima facia [sic] proof that venue is proper in the county of suit ... then the cause shall not

1. Section 15.064(b) provides: "On appeal from the trial on the merits, if venue was improper it shall in no event be harmless error and shall be reversible error. In determining whether venue was or was not proper, the appellate court shall consider the entire record, including the trial on the merits." Tex.Civ.Prac. & Rem.Code Ann. § 15.064(b) (Vernon 1986).

be transferred but shall be retained in the county of suit. . . .”).

Together, Rule 87–3(c) and section 15.063(1) require that a lawsuit pleaded and proved to be filed in a county of proper venue may not be transferred. Therefore, if the plaintiff chooses a county of proper venue, and this is supported by proof as required by Rule 87 [prima facie proof], no other county can be a proper venue in that case. This rule gives effect to the plaintiff's right to select a proper venue.

. . . .

Under the rule announced today, if Travis County, the venue chosen by Plaintiffs, was a county of proper venue, then Blanco County cannot be a county of proper venue as a matter of law. We review the entire record, including the trial on the merits, to determine whether there is any probative evidence that venue was proper in Travis County.

*Wilson*, 886 S.W.2d at 260–262 (citations and footnotes omitted).

Appellant Rosales, plaintiff below, chose to file his claim in Maverick County as the county of his residence.[2] The appellees, defendants below, challenged the venue. This required appellant Rosales to present "prima facie proof" that Maverick County was a county of his residence by "any probative evidence." *Wilson*, 886 S.W.2d at 262; *see* TEX.R.CIV.P. 87–3(c); TEX.CIV.PRAC. & REM. CODE ANN. § 15.063(1) (Vernon 1986). The venue statute provides that venue shall be determined by the trial court from the pleadings and affidavits. TEX.CIV.PRAC. & REM. CODE ANN. § 15.064(a) (Vernon 1986). When deciding a motion to transfer venue, the trial court must take as true those facts which the party with the burden of proof has presented by prima facie proof. TEX.R.CIV.P. 87–3(a); *Ruiz v. Conoco, Inc.*, 868 S.W.2d at 757–58. If the record before us reflects that appellant Rosales carried his burden, "no other county can be a proper venue" as a matter of law. *Wilson*, 886 S.W.2d at 261.

In *Mills v. Bartlett*, 377 S.W.2d 636 (Tex.1964), the court stated the following regarding "residence":

The term "residence" is an elastic one and is extremely difficult to define. The meaning that must be given to it depends upon the circumstances surrounding the person involved and largely depends upon the present intention of the individual. Volition, intention and action are all elements to be considered in determining where a person resides and such elements are equally pertinent in denoting the permanent residence or domicile.

*Id.* at 637 (citations omitted). Moreover, it is well-settled law in Texas that for venue purposes a person may have a residence in two or more counties. *Snyder v. Pitts*, 150 Tex. 407, 241 S.W.2d 136, 138–39 (1951); *Plains Ins. Co. v. Acuna*, 614 S.W.2d 885, 887 (Tex. Civ.App.—Eastland 1981, no writ); *Kerr v. Davenport*, 233 S.W.2d 197 (Tex.Civ.App.— San Antonio 1950, no writ). Thus, it is possible under Texas venue law for Rosales to have a residence in Maverick County along with a residence in Bexar County, as alleged by appellees.

Because appellees properly challenged Rosales's venue choice, he was required to plead and make prima facie proof that his venue selection was proper. "A prima facie case represents the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true. The party with the burden of proof must produce at least this much evidence to avoid a finding that the allegation is not true as a matter of law." *Williams v. State*, 767 S.W.2d 872, 874 (Tex.App.—Dallas 1989, pet. ref'd). In discussing prima facie evidence, the Texas Supreme Court opined:

The term "prima facie evidence" is ambiguous at best. As Professor Wigmore points out, it sometimes is used "as equivalent to the notion of a presumption," i.e., it entitles the proponent to an instructed verdict on the issue in the absence of evidence to the contrary. The term is also used to mean that the proponent has produced suf-

---

2. Appellant's county of residence was an appropriate venue of this claim under the provisions of section 15.017 of the civil practice and remedies code, which dictates venue in libel, slander, and invasion of privacy cases. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 15.017 (Vernon 1986).

ficient evidence to go to the trier of fact on the issue. See 9 Wigmore on Evidence, 3rd ed. 1940, § 2494; 1 McCormick and Ray, Texas Law of Evidence, 2nd ed. 1956, § 55; *Dodson v. Watson,* 110 Tex. 355, 220 S.W. 771 (1920).

*Coward v. Gateway Nat'l Bank,* 525 S.W.2d 857, 859 (Tex.1975).

To determine whether appellant Rosales carried his burden of presenting prima facie proof of his Maverick County residence, we must review the entire record before us. TEX.CIV.PRAC. & REM.CODE ANN. § 15.064(b) (Vernon 1986). The record reflects sworn evidence from appellant Rolando Rosales (1) that he was born in Maverick County and thereafter attended primary and secondary schools in Maverick County and graduated from high school in Maverick County; (2) that he attended college away from Maverick County only because there was no college in Maverick County; (3) that he grew up at 350 Concho St., Eagle Pass, Maverick County, was married in Maverick County, and baptized all his children in Maverick County; (4) that he has owned by inheritance a share of the 350 Concho St. home since 1981 when his mother died and has continued to help pay the bills connected with the home; (5) that 350 Concho St. has always been his permanent residence which he has occupied for substantial periods of times in the past and intends to continue to occupy in the future; (6) that he has voted and is registered to vote in Maverick County; (7) that his driver's license and social security card show his residence as 350 Concho St., Maverick County; (8) that he had to obtain employment away from Maverick County because unemployment is at forty percent in Maverick County; (9) that had H.E.B. offered to transfer him to one of its stores in Maverick County, he would have welcomed the offer; (10) that he has continuously returned to his residence in Maverick County over a substantial period of time; and (11) that his intentions are and have always been to return to his residence in Maverick County. The record also discloses an exhibit with copies of Rosales's driver's license and social security card re-

flecting his residence as 350 Concho St., Eagle Pass, which is in Maverick County. Moreover, the record reflects sworn deposition testimony of Lorena Rosales, wife of appellant Rolando Rosales. In the deposition, Mrs. Rosales stated that she and her husband have a residence in Maverick County on Concho St., Eagle Pass, where they have lived in the past and where they intend to return permanently in the future. She also stated that if her husband could find an equivalent-paying job in Maverick County, they would return permanently to their residence there. We conclude that the foregoing evidence constitutes probative evidence and prima facie proof that appellant Rosales is a resident of Maverick County. *See Wilson,* 886 S.W.2d at 262; TEX.R.CIV.P. 87–3(c).

Appellees contend on appeal, as they did in the trial court,[3] that appellants have engaged in a "thinly veiled attempt to manufacture venue in Maverick County." In support of this claim appellees point to evidence suggesting that appellant Rosales had little contact with Maverick County other than the fact that it was his boyhood home. Indeed, appellees cite a long list of evidence from which they argue that Rosales maintained his only residence in Bexar County.

The evidence cited by appellees challenges the validity of Rosales's evidence produced in response to the motion to transfer venue. This is exactly the type of conflict in evidence that would be decided by the trier of fact in a typical civil trial. This is a venue challenge, however, and the rules applicable to a typical civil trial do not apply. Rule 87 of the rules of civil procedure requires trial courts to make venue determinations on the basis of prima facie proof only, and does not require, or even affirmatively permit, trial courts to assess the credibility of conflicting affiants. *See Humphrey v. May,* 804 S.W.2d 328, 329 (Tex.App.—Austin 1991, writ denied). The trial courts are further limited in their venue determinations since "[p]rima facie proof is not subject to rebuttal, cross-examination, impeachment or even disproof," no matter

---

**3.** All references to the trial court are to the Honorable Rey Perez, judge of the 293rd District Court in Maverick County. Judge Perez made

the venue decision that is challenged by appellants in this appeal.

whether the evidence as a whole shows the prima facie proof was wrong or misleading. *Ruiz v. Conoco, Inc.*, 868 S.W.2d at 757. Thus, trial courts must maintain venue in the county selected by the plaintiff if the plaintiff selects a county of proper venue and supports the selection with prima facie proof of venue. *Wilson v. Texas Parks & Wildlife Dept.*, 886 S.W.2d 259, 261 (Tex.1994); *Ruiz v. Conoco, Inc.*, 868 S.W.2d at 757; *Humphrey v. May*, 804 S.W.2d at 329.

■ Trial courts are thereby greatly restricted in their usual fact-finding abilities, and although appellate courts are "obliged to conduct an independent review of the entire record to determine whether venue was proper in the ultimate county of suit," appellate courts cannot be fact-finders. *See Ruiz v. Conoco, Inc.*, 868 S.W.2d at 758. The limitations on the trial court's typical fact-finding functions are highlighted in cases involving allegations of misrepresentation of venue facts. *Humphrey* indicates, however, that credibility assessments may be appropriate if fraud, negligence, or exaggeration appears in the record as to venue facts. *Humphrey v. May*, 804 S.W.2d at 330.

Perhaps the trial court in the instant case engaged in a credibility assessment, but we have no way of knowing because there is nothing in our record to so indicate. If the trial court did engage in such an assessment, how are we to review it—our "independent review" is not to be a factual sufficiency review. *Ruiz*, 868 S.W.2d at 758. Further, we must uphold the trial court's determination if there is any "probative evidence" in the entire record that venue was proper in the county where judgment was rendered, *id.*, while at the same time upholding the legislative dictate that the plaintiff is given the first choice in the filing of the lawsuit. *Wilson*, 886 S.W.2d at 260.

■ The complexities and apparent conflicts presented in venue review are perhaps solved by *Ruiz*'s dictate that if there is any probative evidence in the entire record that destroys the prima facie proof relied upon by the trial court, then the appellate court must reverse. *Ruiz*, 868 S.W.2d at 757. Commentators have suggested that *Ruiz* and oth-

er cases, along with the venue statute and rule, distill down into the following "rules":

> (1) *prima facie* proof is to be considered by the appellate court, and standing alone, is sufficient to constitute "probative evidence," and
>
> (2) only conclusive evidence to the contrary can "destroy" probative evidence.

*See* Lynn S. Kuriger & J. Patrick Hazel, *Standards of Appellate Review, in* STATE BAR OF TEXAS PROF.DEV.PROGRAM, 11th ANNUAL LITIGATION UPDATE INSTITUTE P, P–5 (1995). Under this understanding of current venue law, if venue in the county selected by the plaintiff is established by prima facie proof, only conclusive evidence to the contrary can "destroy" such probative evidence.

We have determined that appellants provided prima facie proof establishing Rosales's Maverick County residence. The question thus becomes whether our independent review of the entire record reveals any conclusive proof to destroy the prima facie proof presented by appellants. Appellees presented controverting evidence, but their evidence did not "destroy" appellants' prima facie proof. At best, appellees presented evidence that challenged appellants' evidence and raised fact questions. Under the parameters presented by current venue law, the trial court was not free to disregard appellants' prima facie proof, and this court cannot engage in a fact-finding review.

Thus, although appellees presented conflicting evidence regarding the residence of appellant Rosales, the previously detailed evidence constitutes probative evidence and prima facie proof that appellant Rosales is a resident of Maverick County. *See Wilson*, 886 S.W.2d at 262; TEX.R.CIV.P. 87–3(c); TEX.CIV.PRAC. & REM.CODE ANN. § 15.063(1) (Vernon 1986). Accordingly, venue was proper in Maverick County, and the court erred in transferring the case to any other county, because under these circumstances "no other county can be a proper venue. . . ." *Wilson*, 886 S.W.2d at 261.

■ Appellees urge that even if appellant Rosales may have presented probative evidence of residence in Maverick County, appellant Cruz presented no evidence of resi-

dence and should therefore have no relief. Although appellant Cruz joined Rosales's lawsuit after he had initially filed in Maverick County, appellees neither objected to the joinder nor requested a severance. *See* TEX. R.CIV.P. 40, 41. Instead, it is apparent from the record that appellees intended to consider both appellants together for purposes of venue.

The appellants draw our attention to *Polaris Inv. Management Corp. v. The Honorable Amado Abascal,* 892 S.W.2d 860, 862 (Tex.1995), in which a similar complaint invited the court "to reinterpret section 15.061 of the Texas Civil Practice and Remedies Code to prohibit what [relator] characterize[d] as plaintiffs' 'tag-along' venue."[4] *Polaris,* 892 S.W.2d at 862. However, the court declined the invitation, stating:

> Polaris has failed to cite any precedent, or make any reasoned argument, that section 15.061 prohibits the plaintiff-intervention in Maverick County. To the contrary, the plain wording of the statute would appear to permit the joinder of the additional claims. It is well settled that "when the Legislature has spoken on a subject, its determination is binding upon the courts unless the Legislature has exceeded its constitutional authority." *Public Util. Comm'n of Texas v. Cofer,* 754 S.W.2d 121, 124 (Tex.1988). Venue is a creature of legislative grace, and because a change of venue was unknown to the common law, the power to make venue changes is purely statutory. *See Buchanan v. Crow,* 241 S.W. 563, 565 (Tex.Civ.App.—Austin 1922, no writ). Accordingly, appellate review of trial court venue rulings is generally limited to a determination of whether the trial court ruling was faithful to the relevant venue statute. It is not within the province of this Court to reconstrue, rewrite, or contravene a venue statute when the intent of the Legislature is clear. *See generally*

*Cofer,* 754 S.W.2d at 124; *Buchanan,* 241 S.W. at 565.

*Polaris,* 892 S.W.2d at 862.

In a reply brief, however, appellees assert that *Polaris* is not applicable, noting that section 15.061 does not apply to claims brought under mandatory venue provisions and pointing out that appellants' claims are governed by the mandatory venue provision on libel, slander, and invasion of privacy claims, section 15.017 of the Civil Practice and Remedies Code. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 15.061 (Vernon 1986). While *Polaris* may discuss joinder in a permissive venue situation, we do not reach this distinction because appellees failed to properly object to the joining of appellants' claims in a single lawsuit.

As noted earlier, appellees did not request a severance on the basis of misjoinder in the trial court, nor did they address the issue that Cruz improperly joined in Rosales's suit in their briefs before this court. Appellees contended for the first time during oral argument that Cruz should have been severed from the suit. However, the record is devoid of any objection to Cruz's joining the lawsuit or any request for a severance under the provisions of Rule 41. TEX.R.CIV.P. 41. Failure to make a timely objection to the joinder of the parties waives the error. *See University of Texas at Austin v. Hinton,* 822 S.W.2d 197, 200 (Tex.App.—Austin 1991, no writ) (failure to challenge misjoinder of parties before case submitted to trier of fact waived complaint); *see also Barton v. Farmers' State Bank,* 276 S.W. 177, 179 (1925) (rule forbidding misjoinder is one of convenience that should not be permitted to defeat general policy of avoiding multiplicity of suits; thus failure to object timely waives the right). Moreover, it appears from the record that appellees logically considered both appellants' claims together throughout, perhaps because the claims arise from the same

---

**4.** Section 15.061 provides:

> When two or more parties are joined as defendants in the same action or two or more claims or causes of action are properly joined in one action and the court has venue of an action or claim against any one defendant, the court also has venue of all claims or actions against all defendants unless one

or more of the claims or causes of action is governed by one of the [mandatory venue provisions] requiring transfer of the claim or cause of action, on proper objection, to the mandatory county.

TEX.CIV.PRAC. & REM.CODE ANN. § 15.061 (Vernon 1986).

transaction and involve the same circumstances. In conclusion, we find that appellees' failure to object to Cruz's joining the lawsuit or to request a severance waived the complaint.

Having found that Maverick County, the venue chosen by the plaintiff Rosales, was a county of proper venue, we are required to also find that Bexar County was an improper venue as a matter of law. The trial of this lawsuit in Bexar County therefore constitutes reversible error. TEX.CIV.PRAC. & REM.CODE ANN. § 15.064(b) (Vernon 1986).

■ On rehearing, appellees insist for the first time that the dispositive issue is "jurisdictional," contending that since their motion was for partial summary judgment only, this court has no jurisdiction in the matter. It is uncontested, however, that the trial judge granted a final summary judgment which purports to dispose of all issues and parties.[5] Appellees cite *Mafrige v. Ross*, 866 S.W.2d 590 (Tex.1993), for authority.

However, *Mafrige* states that "[i]f a summary judgment order appears to be final, as evidenced by the inclusion of language purporting to dispose of all claims or parties, the judgment *should be treated as final for purposes of appeal.*" *Id.* at 592 (emphasis added). Thus, if the summary judgment appears to be final on its face, we have jurisdiction. Here, the judgment clearly purports to dispose of all issues and parties, which invokes our jurisdiction. The issue of venue was presented and resolved by the trial court first, long before the motion for summary judgment was even filed. Therefore, the initial issue that this court should properly consider is venue. Because we find the trial judge committed reversible error in granting the change of venue, this results in being the dispositive issue. It is therefore unnecessary to reach the merits of the summary judgment under the circumstances.

The judgment of the trial court is reversed and the cause is remanded, and the trial court is ordered to transfer the cause to Maverick County for a new trial.

---

5. Appellees also complain of the panel's inquiry during oral argument concerning their authority for attempting to substitute an affidavit of their attorney as a statement of facts in a summary judgment proceeding. No authority has been provided the panel, and we are unable to find any.