GARRETT et al. v. PHILLIPS PETROLEUM CO.

No. 5934.

Court of Civil Appeals of Texas. Amarillo.

Jan. 24, 1949.

Rehearing Denied Feb. 28, 1949.

Arthur Bartelt, of Austin, for appellants.

E. H. Foster and R. S. Sutton, both of Amarillo, for appellee.

STOKES, Justice.

Appellee, Phillips Petroleum Company, is a corporation with its division office located at Amarillo in Potter County. Appellants, T. A. Garrett and his sons, are residents of San Saba County and are engaged in the oil and gas retail business at Richland Springs in that county under the trade-name of Garrett Brothers Oil Company. Appellee sold to appellant certain oil, gasoline and greases under a written contract which provided that payments for the products should be made at appellee's division office located at Amarillo in Potter County. Appellee instituted this suit in a district court of Potter County to recover an alleged balance due it upon the contract of $868.57 and appellants filed a plea of priv-ilege in which they sought to remove the venue of the case to the district court of San Saba County. Appellee answered by a controverting plea in which it set up the written contract under which the products were sold to appellants, containing the provision that appellants would pay for the same at its office in Amarillo and invoked the provisions of Subdivision 5 of Article 1995, Vernon's Revised Civil Statutes.

Upon a trial of the issues made by the plea of privilege and the controverting plea, the court denied the plea of appellants to change venue of the suit and they have perfected an appeal to this court.

The single point of error presented by appellants is directed to a conclusion of law contained in the order denying the plea of privilege, namely: "As I construe Subdivision 5 of Article 1995, R.S., it seems to me that the discretion as to where an action coming within its terms may be prosecuted is vested in the plaintiff rather than in the court." Appellants attack this conclusion of law and invoke the doctrine of forum non conveniens under which, in some cases, the courts disregard the strict letter of the law in reference to venue.

Subdivision 5 of Article 1995 provides that, if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein by such writing, suit upon, or by reason of, such obligation may be brought against him either in such county or where the defendant has his domicile. Appellants' contention is that, even though the venue statute gives to the plaintiff the right to bring the suit on such written contract in a county other than the county of the defendant's residence, the doctrine of forum non conveniens is in vogue in this state and it vests in the courts a discretion in the matter of venue. They assert that the account sued upon is comparatively small; that the distance from their home to Amarillo is approximately 500 miles; and that, to defend the suit in Potter County, would entail an expense to them of approximately the full amount involved. They contend therefore that, regardless of the provisions of the statute, the court should have exercised its discre-

tion under the doctrine of forum non conveniens and tranferred the case to the district court of San Saba County.

We are not in accord with appellants in this contention. The doctrine of forum non conveniens applies generally to tort actions and suits involving the internal affairs of corporations that are filed in one state against residents of another state or corporations organized under the laws of another state. While the doctrine originated in the state courts, it has most frequently been applied by the federal courts. It rests upon considerations of policy, expediency and propriety and, under it, a court, state or federal, sitting in one state will, as a general rule, decline to interfere with, or control, by injunction or otherwise, the management of the internal affairs of a corporation organized under the laws of another state, but will leave controversies as to such matters to the courts of the state of the domicile. Lind v. Johnson, 183 Minn. 239, 236 N.W. 317; Williamson v. Missouri-Kansas Pipe Line Co., 7 Cir., 56 F.2d 503; Richard Reid Rogers v. Guaranty Trust Company of New York, 288 U.S. 123, 53 S.Ct. 295, 77 L.Ed. 652, 89 A.L.R. 720; Scholl v. Allen, 237 Ky. 716, 36 S.W.2d 353.

The doctrine has been enforced in cases upon comparison of relative conveniences to the parties but no reported case has been found in which it has been applied in favor of a defendant who has contracted to pay an obligation at a place other than that of his domicile, nor where it would be equally as inconvenient to the plaintiff to remove the case to the domicile of the defendant as it would be to the defendant to try the controversy in the forum in which it was filed. Eugene Koster v. Lumbermen's Mutual Casualty Company, 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067.

If this case were transferred to San Saba County under appellants' plea of privilege, appellee would, of course, be placed to the necessity of traveling the same distance from its domicile or place of business and, in proving up its account against appellants, it would probably be equally as inconvenient to appellee to transport its evidence to San Saba County as it would be to appellants to produce their evidence at Amarillo. If the rule of forum non conveniens was available to appellants in this case, they had the burden to convince the court that the forum in which the suit was filed was inconvenient both to them and to the appellee. Otherwise, all venue statutes will be enforced by the courts without regard to the doctrine of forum non conveniens.

The term venue as used in Subdivision 5 and other subdivisions permitting suit to be filed in a county other than that of the defendant's residence extends to the plaintiff a legal right to institute and maintain the suit in such other county notwithstanding the defendant's objections. It is a right given by the statute and, where the defendant has contracted in writing to make payment of an obligation in a county other than his residence, the plaintiff's right to maintain the suit there is recognized by our courts as a legal one. When the parties are residents of this state, the plaintiff has the choice and our courts are not at liberty to deny him his legal right. National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021; Carro v. Carro, 60 Tex. 395.

In our opinion the trial court was correct in holding that the discretion as to the forum in cases of this kind is vested in the plaintiff rather than in the court. Such is the plain provision of the statute. Men will not be permitted to repudiate their solemn contracts merely because it turns out that to comply with them will work inconvenience. We are further of the opinion that, in such cases, the doctrine of forum non conveniens has no application. The judgment of the court below will be affirmed.