**STATE v. FAIRBANKS–MORSE & CO. et al.**

**UNIVERSAL ELECTRIC CONST. CO. OF ALABAMA, Inc. v. STATE.**

Nos. 4644, 4595.

Court of Civil Appeals of Texas. El Paso.

June 1, 1949.

Rehearing Denied June 29, 1949.

Price Daniel, Attorney General, Philip Silverberg, Assistant Attorney General, Will R. Wilson, Jr., District Attorney, Dallas, Irion & Cain and Douglas E. Bergman, Dallas, Richard H. Cocke, Bryan, all for appellant and appellee, State.

W. B. Browder, Jr., Victor W. Bouldin, William N. Bonner, Houston, Allen Wight,

340

John Touchstone, Paul T. McMahon, Geo. Sergeant, George Cochran, Dallas, Scott, Wilson & Cureton, Waco, Poppenhusen, Johnston, Thompson & Raymond and Anan Raymond, Chicago, Ill., for appellant and appellees, Fairbanks-Morse & Co. and others.

SUTTON, Justice.

The above styled and numbered causes have come to this court from the Fifth Supreme Judicial District at Dallas by virtue of a transfer made by the Supreme Court of Texas. The main case is here numbered No. 4644. No. 4595 is an appeal from an order overruling a plea of privilege filed by one of the defendants, Universal Electric Construction Company of Alabama, Inc. The appeal from that order reached the Dallas Court first, but was transferred to this court subsequent to the transfer of the main case, hence the order of filing on the docket of this court.

The two cases have been argued and submitted together and are properly considered and determined together.

The parties for convenience will be here referred to as the State, Fairbanks-Morse, Universal, Gieb, Ballard-Hassett and Moore.

The suit as against all the defendants except Ballard-Hassett and Moore was originally filed in the district court of Runnels County. Ballard-Hassett and Moore were named as defendants in the second amended petition of the State filed after the case reached the District Court of Dallas County. Universal filed its plea of privilege after the case got to Dallas County. It had previously filed a plea in abatement and an original answer subject thereto in Runnels County.

The State brought the suit in the nature of a civil action under Title 126, Arts. 7426–7447, inclusive, of the R.C.S. Vernon's Annotated Civil Statutes and the Constitution of the State, to perpetually enjoin claimed unlawful combinations, agreements, conspiracies, unlawful acts and conduct and practices in violation thereof.

Gieb filed a plea of privilege to be sued in Dallas County. The State controverted the plea but took no action to secure a hearing thereon. An Assistant Attorney General made an investigation thereof and wrote the Hon. O. L. Parish, Judge of the District Court of Runnels County, on August 19, 1946, wherein he called the Judge's attention to the fact the suit had been pending since early 1944; that the plea of privilege of Gieb had been filed, controverted, but no action taken to have the same tried; that in his opinion there was no action the Court could take but to transfer the whole case to Dallas County, and enclosed an order he suggested be entered. The order was made August 20, 1946, and the record sent to Dallas County.

Fairbanks-Morse and Universal filed pleas to the jurisdiction of the Dallas County District Court, and Universal filed its plea of privilege claiming its privilege to be sued in Harris County. The State replied to the Plea of Privilege with three special exceptions, the first of which was because under the provisions of art. 7436, Vernon's Statutes, venue is laid in all suits involving the violation of the anti-trust laws in such county as the State may file the same, and the Court could not properly consider the plea of privilege. The third exception is, the venue cannot be changed on a plea of privilege but can only be changed under the provisions of Rule 257, Texas R.C.P., and upon the grounds and in the manner therein provided. On a hearing the Court on March 26, 1948, overruled the plea, hence the appeal in cause No. 4595 in this court. There are no answers for Ballard-Hassett and Moore in the record, and they have made no appearances here. On October 5, 1948, the Court on a pre-trial hearing heard and overruled Fairbanks-Morse's plea in abatement suggesting and challenging the jurisdiction of the Court, but sustained four special exceptions to the effect the State's petition did not state a cause of action, and dismissed the case as against all defendants. The State declined to amend and brought the appeal in the main case here numbered No. 4644.

The nature of the main suit is stated clearly by the State in its brief, to which no exception is taken by any party and we re-

produce it in substance. It is alleged the defendants heretofore named created a trust by a combination of their capital, skill or acts in violation of art. 7426(1), R.C.S., and also that Fairbanks-Morse and Universal entered into a conspiracy in violation of art. 7428(1) of the R.C.S. The pleading was in considerable detail but the court sustained the exceptions and dismissed the case and the appeal is here in the main case solely on the sufficiency of the pleading.

The first question confronting this Court is the power of the Dallas District Court to make the order and judgment dismissing the case. Universal in the first instance challenges the power of the Court to take any action other than to dismiss the case from its docket or to return the record to Runnels County. Articles 7431 and 7436 specifically fix the venue of Quo Warranto proceedings and suits to recover penalties, etc. under the provisions of the anti-trust laws in any county in Texas and art. 7436 provides "When any such suit shall have been filed in any county and jurisdiction thereof acquired, it shall not be transferred to any other county, except upon change of venue allowed by the court."

As heretofore pointed out the third special exception leveled at Universal's plea of privilege is that the plea will not lie in such cases and that it can only be removed or transferred upon a change of venue allowed by the court, by which is meant under the provisions of Rule 257, R.C.P. This is likewise the construction of Universal and it is our opinion the construction is a correct one, and that the Judge of the District Court of Runnels County was without power to change the venue on the plea of privilege of Gieb, and for the same reason the District Court of Dallas County never acquired jurisdiction or venue and was without power at any time to make any orders in the case, except to dismiss the same from the docket of the court and direct a return of the record to Runnels County where the suit has at all times pended.

For the reasons indicated the judgment of the trial court is reversed and the cause remanded with instructions that the case be dismissed from the docket and the record caused to be returned to the District Court of Runnels County.

What has been said disposes likewise with the action had on the plea of privilege. A plea of privilege does not lie in a case such as the instant case arising under the anti-trust statutes and the action of the trial court in overruling the plea would have been proper had it had the power to act, but since it had no such power the action taken is wholly ineffective and there is nothing before this court so far as the merits of the plea of privilege are concerned and the case brought here on the plea of privilege is accordingly dismissed.