## PERFECTO GAS CO. v. STATE.

No. 9862.

Court of Civil Appeals of Texas. Austin.
March 22, 1950.

Vernon's Ann.St., in the 126th District Court of Travis County, Texas, for the recovery of penalties authorized by Article 7436 of Title 126, R.C.S.1925, for violation of the antitrust laws of the State, and in connection therewith for an injunction.

The appellant filed its plea of privilege to be sued in Bexar County, Texas, its place of domicile; controverting plea was filed, notice given and hearing had, and the plea was denied by the trial court.

The appeal is predicated on five points, assigned as error by the trial court.

The first point is that the nature of the suit as reflected by the petition is not such as to maintain venue in Travis County against the plea of privilege; the second that the relief sought is threefold in character:

a. The recovery of alleged statutory penalties under Article 7436, R.C.S.1925;

b. The securing of an injunction against the defendants, Article 4642, R.C.S.1925; and

c. To establish and foreclose liens against properties of the corporate defendants; and that there is no exception to exclusive venue against a plea of privilege;

And by the third point that the provisions of Article 7436, R.C.S.1925, do not permit the Attorney General to arbitrarily select the forum for the trial of this case outside the county of the residence of appellant.

The above mentioned three assignments of error are presented and argued together.

No part of the cause of action took place in Travis County, and none of the defendants reside in Travis County.

The State relies upon the provisions of Article 7436 as a law authorizing the institution of this suit. The State alleged that on June 8, 1949, the appellant, together with its co-defendants, agreed and conspired to combine their capital, skill and acts, and did combine their capital, skill and acts for the purpose of refraining from selling butane gas to certain named butane gas dealers in Bexar County, so as to force such retail dealers out of business; that the purpose and effect of such agreements was to lessen or eliminate competition in the

W. L. Matthews and W. F. Nowlin (of Counsel, Brewer, Matthews, Nowlin & Macfarlane), of San Antonio, for appellant.

Price Daniel, Atty. Gen. of Texas, Charles D. Mathews, Executive Asst. Atty. Gen., Willis E. Gresham, Walter F. Woodul, Jr., Edwin N. Bell, Asst. Attys. Gen., for appellee.

ARCHER, Chief Justice.

This suit was filed by the Attorney General of the State of Texas on behalf of the State of Texas against several defendants, including the appellant, Perfecto Gas Company, under the provisions of Title 126, Trusts—Conspiracies Against Trade, Articles 7426–7447, Revised Civil Statutes of Texas, 1925, Vernon's Ann.Civ.St. arts. 7426–7447, and the Constitution of Texas,

sale of butane gas; that the parties conspired together to fix and maintain minimum retail prices in the sale of butane gas in San Antonio; and that such acts on the part of the appellant and co-defendants constituted a violation of the antitrust laws of this State, and as a result the State was entitled to recover statutory penalties, etc.

At the hearing held on the plea of privilege the State introduced in evidence its controverting affidavit and its original petition, for the purpose of showing that the suit is an antitrust suit, brought under the provisions of Title 126, R.C.S.1925, and that venue was properly laid in any county under the provisions of Article 7436 wherein such suit is filed, subject only to a motion for change of venue filed pursuant to Rule 257 of Texas Rules of Civil Procedure.

■ The nature and character of a suit is to be determined from the allegations contained in the petition. Gilbert v. Gilbert, 145 Tex. 114, 195 S.W.2d 936, 938, and cases cited therein.

In Gilbert **v.** Gilbert, supra, the court said:

"With reference to Question No. 2, it is well-settled as a general rule that proof of the nature of a suit is to be determined from the allegations of plaintiff's petition. As stated in Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1302:

" 'Proof that the suit is of such nature is supplied by the plaintiff's petition, for it, as so often has been said, is "the best and all-sufficient evidence of the nature of [any] action." ' "

■ We believe that Article 7436 controls the venue of this case.

Such statutory authority is contained in Article 7436, R.C.S.1925, which reads, in part: "Each firm, person, corporation or association of persons, who shall in any manner violate any provision of this subdivision shall, for each day that such violation shall be committed or continued, forfeit and pay a sum of not less than fifty nor more than fifteen hundred dollars, which may be recovered in the name of the State of Texas in the district court of any county in the State of Texas, and venue is hereby given to such district courts. When any such suit shall have been filed in any county and jurisdiction thereof acquired, it shall not be transferred to any other county, except upon change of venue allowed by the court."

In State v. Fairbanks-Morse and Company et al. (Universal Electric Construction Company of Alabama, Inc. v. State), Tex.Civ.App., 223 S.W.2d 339, the opinion reflects that the State brought an antitrust action under Title 126, R.C.S.1925, against several defendants, with the same character of pleadings and seeking similar relief as in the instant case, in Runnels County, and the case was transferred to Dallas County (no hearing was had on the plea). Subsequently still another defendant filed a plea of privilege to be sued in Harris County. The State filed special exceptions to the effect that venue could not be changed in an antitrust suit on plea of privilege. The plea of privilege was overruled, and the court, in passing on the correctness of the trial court's judgment said: "As heretofore pointed out * * * the plea of privilege will not lie in such cases and it can only be removed or transferred upon a change of venue allowed by the Court, by which is meant under the provisions of Rule 257, R.C.P. * * *."

Rule 257, T.R.C.P., provides that:

"A change of venue may be granted in civil causes upon application of either party, supported by his own affidavit and the affidavit of at least three credible persons, residents of the county in which the suit is pending, for any following cause:

"(a) That there exists in the county where the suit is pending so great a prejudice against him that he cannot obtain a fair and impartial trial.

"(b) That there is a combination against him instigated by influential persons, by reason of which he cannot expect a fair and impartial trial.

"(c) For other sufficient cause to be determined by the court."

We therefore overrule appellant's first three assignments.

By its fourth point appellant alleges that Article 7436, R.C.S.1925, is unconstitutional, if its provisions are to be construed as contended for by the appellee. In this we are unable to agree. We believe that the law is constitutional. Mischer v. State, 41 Tex.Cr.R. 212, 53 S.W. 627, 96 Am.St.Rep. 780; Dies v. State, 56 Tex. Cr.R. 32, 117 S.W. 979; Watts v. Mann. Tex.Civ.App., 187 S.W.2d 917 (Err.Ref.).

We do not deem it essential to quote from any of the above cases, since they are long but determinate that the law is constitutional.

By its final point appellant says the well recognized doctrine of "forum non conveniens" is applicable to prevent imposition on the courts of Travis County. This assignment we too overrule.

In Garrett v. Phillips Petroleum Co., Tex.Civ.App., 218 S.W.2d 238 (Err.Dism.), the defendants urged the doctrine of "forum non conveniens." The court said:

"If this case were transferred to San Saba County under appellants' plea of privilege, appellee would, of course, be placed to the necessity of traveling the same distance from its domicile or place of business and, * * * it would probably be equally as inconvenient to appellee to transport its evidence to San Saba County as it would be to appellants to produce their evidence at Amarillo. If the rule of forum non conveniens was available to appellants in this case, they had the burden to convince the court that the forum in which the suit was filed was inconvenient both to them and to the appellee. Otherwise, all venue statutes will be enforced by the courts without regard to the doctrine of forum non conveniens.

"The term venue as used in Subdivision 5 and other subdivisions permitting suit to be filed in a county other than that of the defendant's residence extends to the plaintiff a legal right to institute and maintain the suit in such other counties notwithstanding the defendant's objections * *.

"In our opinion the trial court was correct in holding that the discretion as to the forum in cases of this kind is vested in the plaintiff rather than in the court. Such is the plain provision of the statute. * * * We are further of the opinion that, in such cases, the doctrine of forum non conveniens has no application. * *"

The judgment of the trial court is affirmed.

Affirmed.