CV1-003 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-003-CV





TEXAS COMMISSIONER OF INSURANCE GEORGIA D. FLINT,


PERMANENT RECEIVER OF STANDARD FINANCIAL INDEMNITY CORPORATION,



 APPELLANT


vs.





AETNA CASUALTY & SURETY COMPANY, EMPLOYERS INSURANCE OF WAUSAU,

A MUTUAL COMPANY, THE HARTFORD ACCIDENT AND INDEMNITY COMPANY,

HOUSTON GENERAL INSURANCE COMPANY, CIGNA INSURANCE COMPANY


OF TEXAS, LIBERTY MUTUAL FIRE INSURANCE COMPANY, ET AL.,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT



NO. 475,263, HONORABLE PETE LOWRY, JUDGE PRESIDING



 





PER CURIAM


 Standard Financial Indemnity Corporation (SFIC) (1) appeals from the Travis County
district court's judgment dismissing its suit for lack of subject matter jurisdiction. SFIC brings two points of error: (1) the Hidalgo County district court erred in transferring venue to
Travis County; and (2) the Travis County district court erred in its dismissal because the court
had jurisdiction of SFIC's antitrust and tortious interference claims.



The Controversy


 The former Workers' Compensation Assigned Risk Pool (2) (the "Pool") provided
insurance for persons unable to purchase it on the open market ("rejected risks"). All insurance
companies that wrote workers' compensation insurance in Texas were Pool members who elected
a twelve member governing committee. Workers' Compensation Assigned Risk Pool, 68th Leg.,
R.S., ch. 534, sec. 1, § 5.76(b), 1983 Tex. Gen. Laws, 3114, 3115. A "servicing company" was
a member of the Pool designated to issue a policy and service a rejected risk. Id. at § 5.76(a)(8),
1983 Tex. Gen. Laws, 3114, 3115. Policies issued to rejected risks were reinsured by the Pool. 
Id. at § 5.76(d), 1983 Tex. Gen. Laws, 3114, 3117. Assessments levied against all member
companies compensated for Pool losses. Actions of the Pool could be appealed to the State Board
of Insurance. Id. at § 5.76(j), 1983 Tex. Gen. Laws, 3114, 3119. Members of the Pool
who wanted to become servicing companies applied to the governing committee, whose decision
was subject to review by the State Board of Insurance. SFIC's application for servicing company
status was first referred to a subcommittee made up exclusively of governing committee members
who were not themselves servicing companies. In anticipation of legislative changes, the
subcommittee delayed action pending the conclusion of the legislative session. After being
notified of the delay, SFIC requested a hearing, at which the governing committee, on February
23, 1989, again declined to rule on the application. On March 2, 1989, SFIC filed suit in the
92nd Judicial District Court in Hidalgo County, Texas.

 SFIC first pleaded claims under the Texas Free Enterprise and Antitrust Act of
1983, Tex. Bus. & Com. Code Ann. §§ 15.01-.51 (West 1987 & Supp. 1993) (Texas Antitrust
Act) (the "antitrust claim"), alleging that appellees conspired to monopolize the workers' compensation market; SFIC complained in particular of the treatment of its servicing company
application. Later, in its first amended petition, SFIC added claims of tortious interference with
prospective business relationships (the "tortious interference" claim). (3) Appellees responded with
pleas to the jurisdiction, motions to transfer venue, and general denials. After a hearing on
October 27, 1989, the Hidalgo County district court granted the motions to transfer venue to
Travis County.

 While appellees' pleas to the jurisdiction were pending in the Travis County district
court, SFIC filed a second amended petition (4) alleging that the Pool levied unduly high assessments
to force SFIC out of the workers' compensation market. On March 2, 1990, the district court
heard appellees' pleas to the jurisdiction. Appellees argued that the district court lacked subject
matter jurisdiction because SFIC's claims, however labeled, derived solely from a statute and the
correct statutory procedures had not been followed. On June 6, 1990, the district court signed
an interlocutory order of partial dismissal holding that it lacked subject matter jurisdiction to hear
any of SFIC's claims that derived in whole or in part from the treatment of SFIC's application to
become a servicing company.

 Appellees then argued that the only specific allegation remaining in SFIC's second
amended petition was the assessment claim over which the district court lacked subject matter
jurisdiction for the same reason that it lacked jurisdiction over SFIC's claims arising from its
servicing company application. On September 4, 1990, all of SFIC's remaining claims were
dismissed for lack of subject matter jurisdiction. On November 6, 1990, the trial court rendered
a final judgment when it severed SFIC's claims from appellees' counterclaims. SFIC then brought
this appeal.

 In our discussion of this appeal, we will begin with SFIC's point of error two: the
Travis County district court erred in its dismissal for lack of subject matter jurisdiction. In
essence, this point consists of two parts: (1) whether SFIC's pleadings alleged causes of action
that were purely statutory and subject to dismissal for failure to comply with the procedures
prescribed by the statute; and (2) the effect of a recital appearing in the judgment that dismissed
SFIC's cause. We will initially discuss the first aspect of point two in order to establish whether
any district court had subject matter jurisdiction. If at any time, a court discovers it lacks
jurisdiction, it has no authority to take any action other than dismiss the cause. See, e.g., Lopez
v. Public Util. Comm'n, 816 S.W.2d 776, 783-84 (Tex. App.--Austin 1991, writ denied) (once
court found it lacked jurisdiction, court could not order that plaintiff take nothing); Protestants
v. American Pubs, Inc., 787 S.W.2d 111, 113 (Tex. App.--Houston [1st Dist.] 1990, no writ).



 Subject Matter Jurisdiction


 If a cause of action derives from a statute rather than the common law, then the
statutory provisions are mandatory and exclusive and must be complied with in all respects to
maintain the action. Texas Catastrophe Property Ins. Ass'n v. Council of CoOwners of Saida II
Towers Condominium Ass'n, 706 S.W.2d 644, 646 (Tex. 1986) (Saida); Mingus v. Wadley, 285
S.W. 1084, 1087 (Tex. 1926). In Saida, the plaintiffs attempted to distinguish claims based on
a denial of contract benefits under their insurance policies from claims controlled by the Insurance
Code procedures governing the Catastrophe Property Insurance Pool. The Texas Supreme Court,
in affirming the trial court's dismissal for lack of subject matter jurisdiction, held that the
plaintiffs' claims under their insurance contracts were based on a denial of a benefit derived from
the Catastrophe Property Pool Act and therefore were governed exclusively by the Act's
procedures. See also Linick v. Employers Mut. Casualty Co., 822 S.W.2d 297 (Tex. App.--San
Antonio 1991, no writ); Stephanou v. Texas Medical Liab. Ins. Underwriting Ass'n (JUA), 792
S.W.2d 498 (Tex. App.--Houston [1st Dist.] 1990, writ denied); Rowden v. Texas Catastrophe Ins.
Ass'n, 677 S.W.2d 83 (Tex. App.--Corpus Christi 1984, writ ref'd n.r.e.).

 SFIC contends, however, that it has pleaded causes of action not controlled by
Saida. SFIC relies on the principle that, when there is no ruling on special exceptions, the
petition is to be construed liberally in favor of the pleader and is sufficient if it gives fair and
adequate notice of the basic issues in controversy and the relevant testimony. Roark v. Allen, 633
S.W.2d 804, 809-810 (Tex. 1982). Further, SFIC asserts that the plaintiff does not need to plead
the entire case with exactness, as the function of a pleading is to define the issues at trial, not to
state evidence. Bader v. Cox, 701 S.W.2d 677, 686 (Tex. App.--Dallas 1985, writ ref'd n.r.e.).

 SFIC contends that it has pleaded antitrust and tortious interference causes of action
based on general allegations that appellees conspired to monopolize the workers' compensation
market, its specific allegations concerning servicing company status and assessments being merely
evidence. We agree that SFIC has pleaded antitrust and tortious interference causes of action in
their general allegations. To the degree, however, that the treatment of its servicing company
application and the level of assessments are serving as causes of action themselves, that is,
complaints about the acts of the Pool's governing committee, those matters are controlled by Saida
and the statutory procedures must be followed.

 In support of the trial court's judgment, appellees rely as well on a recital in the
judgment that dismissed SFIC's cause, which they interpret as a stipulation on SFIC's part that
the only causes of action that it pleaded are statutory, and therefore the dismissal for lack of
subject matter jurisdiction was proper as to any or all of SFIC's claims. The recital reads: "[T]he
Plaintiff having stated that no other claims are pleaded in the Second Amended Petition other than
those challenged by the Defendants' First and Second Pleas to the Jurisdiction, [the Court] has
determined that it is also without jurisdiction as to all other claims of SFIC which are pleaded in
its Second Amended Petition."

 Appellees' first and second pleas to the jurisdiction challenged SFIC's pleadings
on the basis that all causes of action pleaded first had to be heard by the State Board of Insurance;
that is, SFIC's causes of action, however labeled, were based solely on challenges to the treatment
of its servicing company application and unfair assessments. Appellees contend, therefore, that
the meaning of this recital is that SFIC agrees that all of its causes of action in its pleadings derive
solely from the treatment of its application for servicing company status and its complaints about
unduly high assessments. Because these facts support only statutory causes of action, appellees
in essence contend that SFIC stipulated that the district court lacked subject matter jurisdiction
over any possible causes of action pleaded.

 We do not read the stipulation in the way that appellees would have us read it. We
can plausibly interpret the stipulation as a statement by SFIC agreeing only that everything that
it has to plead is pleaded. SFIC's agreement appears analogous to the situation in which a
pleading has been challenged by special exceptions and the pleader chooses to test the adequacy
of the pleadings on appeal rather than amend; that is, SFIC may have been saying that all of its
causes of action have been adequately alleged in the pleadings and it will test that view on appeal. 
Because we agree that SFIC has pleaded antitrust and tortious interference causes of action and
because we do not read the recital in the judgment as a stipulation that SFIC has only alleged
statutory causes of action, we sustain point of error two.



Motion to Transfer Venue


 In its first point of error, SFIC contends that the Hidalgo County district court
improperly transferred venue to the Travis County district court. In Hidalgo County, appellees
filed a motion to transfer venue based on a provision in the Texas Antitrust Act that allows a
properly filed suit to "be transferred to another county upon order of the court for good cause
shown." Tex. Bus. & Com. Code Ann. § 15.26 (West 1987). Appellees interpret this section
as allowing a "forum non conveniens" transfer comparable to that provided for under federal law. (5) 
SFIC contends that forum non conveniens historically has not been a permissible reason to transfer
a cause from one county to another within Texas, and that the language in the Texas Antitrust Act
was not intended to change this basic principle.



Background

 Reasons to transfer venue are:



(1) the county in which the action is pending is not a proper county as provided
by this chapter;


(2) an impartial trial cannot be had in the county in which the action is pending;
or


(3) written consent of the parties to transfer to any other county is filed at any
time.



Tex. Civ. Prac. & Rem. Code § 15.063 (West 1986). This section does not provide for a transfer
based on convenience, as does 28 U.S.C. § 1404(a) (1988). Nor does it contain any general
category that might be interpreted as giving a trial court the flexibility to order transfers based on
convenience.

 In general, Texas courts have rejected forum non conveniens as a reason to transfer
venue from county to county within Texas. See, e.g., Cherokee Village v. Henderson, 538
S.W.2d 169, 175 (Tex. Civ. App.--Houston [1st Dist.] 1976, writ dism'd w.o.j.); Perfecto Gas
Co. v. State, 228 S.W.2d 918, 921 (Tex. Civ. App.--1950, no writ) (antitrust); Garrett v. Phillips
Petroleum Co., 218 S.W.2d 238, 240 (Tex. Civ. App.--Amarillo 1949, writ dism'd w.o.j.); see
generally Charles T. Grazier, Jr., Note, Venue Procedure in Texas: An Analysis of the 1983
Amendments to the Rules of Civil Procedure Governing Venue Practice Under the New Venue
Statute, 36 Baylor L. Rev. 241, 262-63 (comparison of federal and Texas venue practice). 
Appellees argue, however, that the general venue provisions do not control in an antitrust case. 
In addition to section 15.26, appellees rely on language in the Texas Antitrust Act that its
provisions "[s]hall be construed in harmony with federal judicial interpretations of comparable
federal antitrust statutes to the extent consistent with this purpose." Tex. Bus. & Com. Code
Ann. § 15.04 (West 1987). Appellees argue that the combination of this language with the "good
cause" language in section 15.26 requires that federal venue principles permitting forum non
conveniens transfers be incorporated in Texas antitrust law.



Texas Antitrust Act

 The Texas Free Enterprise and Antitrust Act of 1983 was a major reform and
modernization of Texas antitrust law. Texas Free Enterprise and Antitrust Act of 1983, 68th
Leg., R.S., ch. 519, §§ 1-4, 1983 Tex. Gen. Laws 3010-3040 (codified as amended at Tex. Bus.
& Com. Code Ann. §§ 15.01-15.51 (West 1987 & Supp. 1993)); Caller-Times Publishing Co. v.
Triad Communications, 826 S.W.2d 576, 579 (Tex. 1992); see generally David J. Van Susteren,
Comment, The Texas Free Enterprise and Antitrust Act--Analysis and Implications, 22 Hous. L.
Rev. 1181 (1985). One of the major changes was to model the Texas Act after the Sherman and
Clayton Acts. Caller-Times, 826 S.W.2d at 580. The Texas Antitrust Act now explicitly says
that its provisions "[s]hall be construed in harmony with federal judicial interpretations of
comparable federal antitrust statutes to the extent consistent with this purpose." Tex. Bus. &
Com. Code Ann. § 15.04 (West 1987).

 In addition to the language of the statute, appellees point to the following item of
legislative history as indicating that the "good cause" language was designed to permit
discretionary transfers of venue because the legislature's purpose was to



[r]ewrite the State's antitrust laws in conformance with the federal antitrust laws. 
Both the substantive and procedural provisions of the bill are patterned after the
federal laws and the bill specifically instructs Texas courts to find guidance in
application of the new laws from judicial interpretation of the federal laws.



Senate Committee on Business and Commerce, Bill Analysis, S.B. 397, 68th Leg., at 1 (1983).

 Appellees assert that section 15.04 mandates the construction of Texas antitrust law
in harmony with federal law. The above-quoted legislative history indicates that procedural law
was to be looked to as well as substantive law. Federal law allows for a transfer based on the
convenience of the parties. Therefore, appellees urge that federal venue principles can provide
"good cause" for transfer.

 First, the literal language of the statute does not refer to federal law in general, but
to federal antitrust law. Similarly, the legislative history refers to federal antitrust law, not federal
law in general. Federal antitrust law has a procedural section that governs venue choice. Forum
non conveniens venue transfers, however, occur under a general venue statute, 28 U.S.C. §
1404(a) (1988), not under federal antitrust statutes.

 Appellees argue, however, that to construe the phrase "good cause" as a reference
to general venue practice makes the phrase superfluous, thus violating the principle that the entire
statute is intended to be effective. Tex. Gov't Code Ann. § 311.021(2) (West 1988). We
disagree, because the phrase in section 15.26 could have been intended to overrule a line of cases
holding that the "plea of privilege" as a mechanism to move a cause from county to county did
not apply to antitrust cases. Cowan v. State, 356 S.W.2d 170, 177 (Tex. Civ. App.--Austin 1962,
writ dism'd w.o.j.); Perfecto, 228 S.W.2d at 220; Fairbanks-Morse & Co., 223 S.W.2d 339, 341
(Tex. Civ. App.--El Paso 1949, no writ). The language in section 15.26 would not have been
superfluous to clarify that, under the new antitrust statute, general venue provisions could be used
to transfer a cause; i.e., if a cause were brought in an incorrect county, the court could transfer
it to a correct county, rather than dismiss it. Id. However, given that during the same session
that the antitrust law was undergoing its major revision, the venue statute was undergoing a much-discussed revision as well, a specific reference to "plea of privilege" could have been rendered
obsolete if, as it resulted, venue practice changed and the term "plea of privilege" was no longer
used. See generally Dan R. Price, New Texas Venue Statute: Legislative History, 15 St. Mary's
L.J. 855 (1984).

 Appellees also make, in essence, a structural argument. Texas antitrust law now
is intended to parallel federal antitrust law. In federal antitrust cases, forum non conveniens is
available. To parallel federal law, therefore, forum non conveniens should be available in Texas
cases. In fact, Texas law does parallel federal law; Texas looks to its general venue transfer
provisions, as does the Federal antitrust law. The Texas general venue provisions, however,
simply do not include forum non conveniens.

 Further, had the legislature intended to incorporate forum non conveniens into
Texas law, either in general venue provisions or in a specific subject area, the legislature could
have referred to an existing model of a statute that included a forum non conveniens transfer
provision. Tex. Fam. Code Ann. § 11.06(c) (West 1986). (6) The language is similar to that used
in the general federal provision for transfer of venue. Had the legislature intended forum non
conveniens to be available in antitrust cases, it had a model for so doing in specific language,
without needing to resort to the general term "good cause."

 We see no compelling reason to read the phrase "good cause" in section 15.26 of
the Texas Antitrust Act as incorporating a venue transfer system generally repudiated in Texas. 
We sustain point of error one that the Hidalgo County District Court erroneously transferred
venue.



Effect of Venue Transfer Order

 We have determined that the Texas Antitrust Act did not authorize the Hidalgo
County district court to transfer venue on the basis of forum non conveniens. If the Hidalgo
County district court was without authority to transfer the cause, then the transfer order was void. 
Robertson v. Gregory, 663 S.W.2d 4, 5 (Tex. App.--Houston [14th Dist.] 1983) (orig.
proceeding). The only action that the Travis County District Court could take pursuant to a void
transfer was to dismiss the cause and return the record to Hidalgo County. State v. Fairbanks-Morse & Co., 223 S.W.2d at 341.

 Were we reviewing a trial on the merits, if the transfer were erroneous as opposed
to void, we would have to determine whether the cause ultimately had been tried in a county of
proper venue. See Tex. Civ. Prac. & Rem. Code § 15.064(b) (West 1986) (if venue improper
in trial on the merits, error cannot be harmless); Ruiz v. Conoco, Inc., 36 Tex. Sup. Ct. J. 412,
417-18 (Dec. 31, 1992) (proper standard of review on appeal is whether the cause was eventually
tried in a county of proper venue); Wilson v. Texas Parks & Wildlife Dept., No. 3-91-232-CV,
slip. op. at 4-5, (Tex. App.--Austin May 5, 1993, n.w.h.) (only question in venue appeals under
15.064 is whether venue proper in ultimate county of suit).

 Section 15.064(b) also requires that, in determining whether venue was proper, the
appellate court consider the entire record, including the trial on the merits. The purpose of that
requirement was to prevent fraud, negligence or exaggeration as to venue facts that might not be
discoverable until after a trial on the merits. Humphrey v. May, 804 S.W.2d 328, 330 (Tex.
App.--Austin 1991, writ denied). In this appeal, however, we have not had a trial on the merits
and do not have the benefit of such a record. Inasmuch as our disposition of the subject matter
jurisdiction point means we must reverse and remand, we will reverse the judgment and remand
the cause to the district court with instructions that the cause be returned to the original county
of filing, Hidalgo County, for further proceedings consistent with this opinion.


[Before Justices Jones, Kidd and B. A. Smith]

Reversed and Remanded

Filed: May 19, 1993

[Publish]

1. [1]  Appellees are Aetna Casualty & Surety Company; CIGNA Insurance Company of Texas;
Employers Insurance of Wausau; Hartford Accident and Indemnity Co.; Houston General
Insurance Co.; Liberty Mutual Fire Insurance Co.; Lumbermens Mutual Casualty Co.; Texas
Employers Insurance Association; Travelers Indemnity Co. of Rhode Island; and United States
Fire Insurance. We will refer to the appellees throughout as if they acted together at all times. 
They filed substantially duplicative answers, motions to transfer venue, and so on. All appellees
joined in one brief on appeal. There are no issues raised in this appeal regarding any company's
particular capacity (member of the Pool, member of the Governing Committee of the Pool,
servicing company) with regard to the Workers' Compensation Pool.
2. [2]  The Texas Workers' Compensation Assigned Risk Pool was transferred to the Texas
Workers' Compensation Insurance Facility as part of major changes in workers' compensation
enacted by the 71st Legislature. Texas Worker's Compensation Act, 71st Leg., 2d C.S., ch. 1,
§ 17.09, 1989 Tex. Gen. Laws, 117-18 (now codified at Tex. Ins. Code Ann. art. 5.76--2 (West
Supp. 1993).
3. [3]  Appellees filed special exceptions to SFIC's original petition asserting that SFIC failed to
state a cause of action. We find no ruling on that set of special exceptions. After the exceptions
were filed, SFIC amended its petition to add the tortious interference claim.
4. [4]  SFIC's second amended petition added Bill Chanslor as a plaintiff on behalf of Preferred
Employers Insurance Company and alleged that the Pool's unduly high assessments forced
Preferred out of the workers' compensation market, rendering it insolvent. Appellees filed special
exceptions challenging Bill Chanslor's standing to bring the claim on behalf of Preferred, which
was in receivership. The special exceptions to the second amended petition did not address the
adequacy of the pleading to state a cause of action. These exceptions were granted. Chanslor did
not replead and does not join in this appeal.
5. [5]  "For the convenience of parties and witnesses, in the interest of justice, a district court may
transfer any civil action to any other district or division where it might have been brought." 28
U.S.C. § 1404(a) (1988).
6. [6]  A forum non conveniens transfer may occur in a suit affecting the parent-child relationship:


For the convenience of the parties and witnesses and in the interest of justice, the court,
on the timely motion of any party, may transfer the proceeding to a proper court in any
other county in the state.


Tex. Fam. Code Ann. § 11.06(d) (West 1986). This section was part of the codification of the
Family Code in 1973. Act of May 25, 1973, 63rd Leg., R.S., ch. 543, sec. 1, § 11.06(c), 1973
Tex. Gen. Laws 1411, 1414 (now Tex. Fam. Code Ann. § 11.06(d)).