**TEXAS COMMISSIONER OF INSURANCE, Georgia D. Flint, Permanent Receiver of Standard Financial Indemnity Corporation,**

v.

**AETNA CASUALTY & SURETY COMPANY, Employers Insurance of Wausau, a Mutual Company, the Hartford Accident and Indemnity Company, Houston General Insurance Company, Cigna Insurance Company of Texas, Liberty Mutual Fire Insurance Company, et al.**

No. 3–91–003–CV.

Court of Appeals of Texas, Austin.

May 19, 1993.

Rehearing Overruled Aug. 25, 1993.

Michael T. Gallagher, Fisher, Gallagher, Perrin & Lewis, Houston, for appellant.

Eric J. Mayer, Susan Godfrey, Houston, for Aetna Cas. & Sur. Co.

Larry F. York, Baker & Botts, Austin, for CIGNA Ins. Co. of Texas.

John C. Hart, Robins, Kaplan, Miller & Ciresi, Dallas, for Employers Ins. of Wausau, a Mut. Co.

Preston Henrichson, Henrichson, Almaraz, P.C., Edinburg, for Houston Gen. Ins. Co.

Curtis L. Frisbie, Jr., Gardere & Wynne, Dallas, for Liberty Mut. Fire Ins. Co.

David L. Orr, Johnson & Gibbs, P.C., Austin, for Lumbermens Mut. Cas. Co.

Roger Higgins, Thompson, Coe, Cousins & Irons, Dallas, for Tex. Employers Ins. Ass'n.

William J. Dyer, Weil, Gotshal & Manges, Houston, for Hartford Acc. and Indem. Co.

Ernest R. Higginbotham, Strasburger & Price, Dallas, for Travelers Indem. Co. of RI.

J. Hampton Skelton, Brothers, McGinnis & Skelton, Austin, for U.S. Fire Ins. Co.

Before JONES, KIDD and BEA ANN SMITH, JJ.

PER CURIAM.

Standard Financial Indemnity Corporation (SFIC)[1] appeals from the Travis County district court's judgment dismissing its suit for lack of subject matter jurisdiction. SFIC brings two points of error: (1) the Hidalgo County district court erred in transferring venue to Travis County; and (2) the Travis County district court erred in its dismissal because the court had jurisdiction of SFIC's antitrust and tortious interference claims.

### The Controversy

The former Workers' Compensation Assigned Risk Pool[2] (the "Pool") provided insurance for persons unable to purchase it on the open market ("rejected risks"). All insurance companies that wrote workers' compensation insurance in Texas were Pool members who elected a twelve member governing committee. Workers' Compensation Assigned Risk Pool, 68th Leg., R.S.,

ch. 534, sec. 1, § 5.76(b), 1983 Tex.Gen. Laws, 3114, 3115. A "servicing company" was a member of the Pool designated to issue a policy and service a rejected risk. *Id.* at § 5.76(a)(8), 1983 Tex.Gen.Laws, 3114, 3115. Policies issued to rejected risks were reinsured by the Pool. *Id.* at § 5.76(d), 1983 Tex.Gen.Laws, 3114, 3117. Assessments levied against all member companies compensated for Pool losses. Actions of the Pool could be appealed to the State Board of Insurance. *Id.* at § 5.76(j), 1983 Tex.Gen.Laws, 3114, 3119.

Members of the Pool who wanted to become servicing companies applied to the governing committee, whose decision was subject to review by the State Board of Insurance. SFIC's application for servicing company status was first referred to a subcommittee made up exclusively of governing committee members who were not themselves servicing companies. In anticipation of legislative changes, the subcommittee delayed action pending the conclusion of the legislative session. After being notified of the delay, SFIC requested a hearing, at which the governing committee, on February 23, 1989, again declined to rule on the application. On March 2, 1989, SFIC filed suit in the 92nd Judicial District Court in Hidalgo County, Texas.

SFIC first pleaded claims under the Texas Free Enterprise and Antitrust Act of 1983, Tex.Bus. & Com.Code Ann. §§ 15.01–.51 (West 1987 & Supp.1993) (Texas Antitrust Act) (the "antitrust claim"), alleging that appellees conspired to monopolize the workers' compensation market; SFIC complained in particular of the treatment of its servicing company application. Later, in its first amended petition, SFIC added

---

**1.** Appellees are Aetna Casualty & Surety Company; CIGNA Insurance Company of Texas; Employers Insurance of Wausau; Hartford Accident and Indemnity Co.; Houston General Insurance Co.; Liberty Mutual Fire Insurance Co.; Lumbermens Mutual Casualty Co.; Texas Employers Insurance Association; Travelers Indemnity Co. of Rhode Island; and United States Fire Insurance. We will refer to the appellees throughout as if they acted together at all times. They filed substantially duplicative answers, motions to transfer venue, and so on. All appellees joined in one brief on appeal. There are no

issues raised in this appeal regarding any company's particular capacity (member of the Pool, member of the Governing Committee of the Pool, servicing company) with regard to the Workers' Compensation Pool.

**2.** The Texas Workers' Compensation Assigned Risk Pool was transferred to the Texas Workers' Compensation Insurance Facility as part of major changes in workers' compensation enacted by the 71st Legislature. Texas Worker's Compensation Act, 71st Leg., 2d C.S., ch. 1, § 17.09, 1989 Tex.Gen.Laws, 117–18 (now codified at

claims of tortious interference with prospective business relationships (the "tortious interference" claim).[3] Appellees responded with pleas to the jurisdiction, motions to transfer venue, and general denials. After a hearing on October 27, 1989, the Hidalgo County district court granted the motions to transfer venue to Travis County.

While appellees' pleas to the jurisdiction were pending in the Travis County district court, SFIC filed a second amended petition[4] alleging that the Pool levied unduly high assessments to force SFIC out of the workers' compensation market. On March 2, 1990, the district court heard appellees' pleas to the jurisdiction. Appellees argued that the district court lacked subject matter jurisdiction because SFIC's claims, however labeled, derived solely from a statute and the correct statutory procedures had not been followed. On June 6, 1990, the district court signed an interlocutory order of partial dismissal holding that it lacked subject matter jurisdiction to hear any of SFIC's claims that derived *in whole or in part* from the treatment of SFIC's application to become a servicing company.

Appellees then argued that the only specific allegation remaining in SFIC's second amended petition was the assessment claim over which the district court lacked subject matter jurisdiction for the same reason that it lacked jurisdiction over SFIC's claims arising from its servicing company application. On September 4, 1990, all of SFIC's remaining claims were dismissed for lack of subject matter jurisdiction. On November 6, 1990, the trial court rendered a final judgment when it severed SFIC's claims from appellees' counterclaims. SFIC then brought this appeal.

In our discussion of this appeal, we will begin with SFIC's point of error two: the Travis County district court erred in its dismissal for lack of subject matter jurisdiction. In essence, this point consists of two parts: (1) whether SFIC's pleadings alleged causes of action that were purely statutory and subject to dismissal for failure to comply with the procedures prescribed by the statute; and (2) the effect of a recital appearing in the judgment that dismissed SFIC's cause. We will initially discuss the first aspect of point two in order to establish whether *any* district court had subject matter jurisdiction. If at any time, a court discovers it lacks jurisdiction, it has no authority to take any action other than dismiss the cause. *See, e.g., Lopez v. Public Util. Comm'n,* 816 S.W.2d 776, 783–84 (Tex.App.—Austin 1991, writ denied) (once court found it lacked jurisdiction, court could not order that plaintiff take nothing); *Protestants v. American Pubs, Inc.,* 787 S.W.2d 111, 113 (Tex. App.—Houston [1st Dist.] 1990, no writ).

### Subject Matter Jurisdiction

If a cause of action derives from a statute rather than the common law, then the statutory provisions are mandatory and exclusive and must be complied with in all respects to maintain the action. *Texas Catastrophe Property Ins. Ass'n v. Council of CoOwners of Saida II Towers Condominium Ass'n,* 706 S.W.2d 644, 646 (Tex. 1986) *(Saida ); Mingus v. Wadley,* 285 S.W. 1084, 1087 (Tex.1926). In *Saida,* the plaintiffs attempted to distinguish claims based on a denial of contract benefits under their insurance policies from claims controlled by the Insurance Code procedures governing the Catastrophe Property Insurance Pool. The Texas Supreme Court, in affirming the trial court's dis-

Tex.Ins.Code Ann. art. 5.76–2 (West Supp. 1993)).

3. Appellees filed special exceptions to SFIC's original petition asserting that SFIC failed to state a cause of action. We find no ruling on that set of special exceptions. After the exceptions were filed, SFIC amended its petition to add the tortious interference claim.

4. SFIC's second amended petition added Bill Chanslor as a plaintiff on behalf of Preferred

Employers Insurance Company and alleged that the Pool's unduly high assessments forced Preferred out of the workers' compensation market, rendering it insolvent. Appellees filed special exceptions challenging Bill Chanslor's standing to bring the claim on behalf of Preferred, which was in receivership. The special exceptions to the second amended petition did not address the adequacy of the pleading to state a cause of action. These exceptions were granted. Chanslor did not replead and does not join in this appeal.

missal for lack of subject matter jurisdiction, held that the plaintiffs' claims under their insurance contracts were based on a denial of a benefit derived from the Catastrophe Property Pool Act and therefore were governed exclusively by the Act's procedures. *See also Linick v. Employers Mut. Casualty Co.,* 822 S.W.2d 297 (Tex. App.—San Antonio 1991, no writ); *Stephanou v. Texas Medical Liab. Ins. Underwriting Ass'n (JUA),* 792 S.W.2d 498 (Tex. App.—Houston [1st Dist.] 1990, writ denied); *Rowden v. Texas Catastrophe Ins. Ass'n,* 677 S.W.2d 83 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

SFIC contends, however, that it has pleaded causes of action not controlled by *Saida.* SFIC relies on the principle that, when there is no ruling on special exceptions, the petition is to be construed liberally in favor of the pleader and is sufficient if it gives fair and adequate notice of the basic issues in controversy and the relevant testimony. *Roark v. Allen,* 633 S.W.2d 804, 809–810 (Tex.1982). Further, SFIC asserts that the plaintiff does not need to plead the entire case with exactness, as the function of a pleading is to define the issues at trial, not to state evidence. *Bader v. Cox,* 701 S.W.2d 677, 686 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

SFIC contends that it has pleaded antitrust and tortious interference causes of action based on *general allegations* that appellees conspired to monopolize the workers' compensation market, its specific allegations concerning servicing company status and assessments being merely evidence. We agree that SFIC has pleaded antitrust and tortious interference causes of action in their general allegations. To the degree, however, that the treatment of its servicing company application and the level of assessments are serving as causes of action themselves, that is, complaints about the acts of the Pool's governing committee, those matters are controlled by *Saida* and the statutory procedures must be followed.

In support of the trial court's judgment, appellees rely as well on a recital in the judgment that dismissed SFIC's cause, which they interpret as a stipulation on SFIC's part that the only causes of action that it pleaded are statutory, and therefore the dismissal for lack of subject matter jurisdiction was proper as to any or all of SFIC's claims. The recital reads: "[T]he Plaintiff having stated that no other claims are pleaded in the Second Amended Petition other than those challenged by the Defendants' First and Second Pleas to the Jurisdiction, [the Court] has determined that it is also without jurisdiction as to all other claims of SFIC which are pleaded in its Second Amended Petition."

Appellees' first and second pleas to the jurisdiction challenged SFIC's pleadings on the basis that all causes of action pleaded first had to be heard by the State Board of Insurance; that is, SFIC's causes of action, however labeled, were based solely on challenges to the treatment of its servicing company application and unfair assessments. Appellees contend, therefore, that the meaning of this recital is that SFIC agrees that all of its causes of action in its pleadings derive solely from the treatment of its application for servicing company status and its complaints about unduly high assessments. Because these facts support only statutory causes of action, appellees in essence contend that SFIC stipulated that the district court lacked subject matter jurisdiction over any possible causes of action pleaded.

We do not read the stipulation in the way that appellees would have us read it. We can plausibly interpret the stipulation as a statement by SFIC agreeing only that everything that it has to plead is pleaded. SFIC's agreement appears analogous to the situation in which a pleading has been challenged by special exceptions and the pleader chooses to test the adequacy of the pleadings on appeal rather than amend; that is, SFIC may have been saying that all of its causes of action have been adequately alleged in the pleadings and it will test that view on appeal. Because we agree that SFIC has pleaded antitrust and tortious interference causes of action and because we do not read the recital in the judgment as a stipulation that SFIC has

only alleged statutory causes of action, we sustain point of error two.

### Motion to Transfer Venue

In its first point of error, SFIC contends that the Hidalgo County district court improperly transferred venue to the Travis County district court. In Hidalgo County, appellees filed a motion to transfer venue based on a provision in the Texas Antitrust Act that allows a properly filed suit to "be transferred to another county upon order of the court for good cause shown." Tex. Bus. & Com.Code Ann. § 15.26 (West 1987). Appellees interpret this section as allowing a "forum non conveniens" transfer comparable to that provided for under federal law.[5] SFIC contends that forum non conveniens historically has not been a permissible reason to transfer a cause from one county to another within Texas, and that the language in the Texas Antitrust Act was not intended to change this basic principle.

### Background

■ Reasons to transfer venue are:

(1) the county in which the action is pending is not a proper county as provided by this chapter;

(2) an impartial trial cannot be had in the county in which the action is pending; or

(3) written consent of the parties to transfer to any other county is filed at any time.

Tex.Civ.Prac. & Rem.Code § 15.063 (West 1986). This section does not provide for a transfer based on convenience, as does 28 U.S.C. § 1404(a) (1988). Nor does it contain any general category that might be interpreted as giving a trial court the flexibility to order transfers based on convenience.

In general, Texas courts have rejected forum non conveniens as a reason to transfer venue from county to county within Texas. *See, e.g., Cherokee Village v. Henderson,* 538 S.W.2d 169, 175 (Tex.Civ. App.—Houston [1st Dist.] 1976, writ dism'd

w.o.j.); *Perfecto Gas Co. v. State,* 228 S.W.2d 918, 921 (Tex.Civ.App.—1950, no writ) (antitrust); *Garrett v. Phillips Petroleum Co.,* 218 S.W.2d 238, 240 (Tex.Civ. App.—Amarillo 1949, writ dism'd w.o.j.); *see generally* Charles T. Grazier, Jr., Note, *Venue Procedure in Texas: An Analysis of the 1983 Amendments to the Rules of Civil Procedure Governing Venue Practice Under the New Venue Statute,* 36 Baylor L.Rev. 241, 262–63 (comparison of federal and Texas venue practice). Appellees argue, however, that the general venue provisions do not control in an antitrust case. In addition to section 15.26, appellees rely on language in the Texas Antitrust Act that its provisions "[s]hall be construed in harmony with federal judicial interpretations of comparable federal antitrust statutes to the extent consistent with this purpose." Tex.Bus. & Com.Code Ann. § 15.04 (West 1987). Appellees argue that the combination of this language with the "good cause" language in section 15.26 requires that federal venue principles permitting forum non conveniens transfers be incorporated in Texas antitrust law.

### Texas Antitrust Act

■ The Texas Free Enterprise and Antitrust Act of 1983 was a major reform and modernization of Texas antitrust law. Texas Free Enterprise and Antitrust Act of 1983, 68th Leg., R.S., ch. 519, §§ 1–4, 1983 Tex.Gen.Laws 3010–3040 (codified as amended at Tex.Bus. & Com.Code Ann. §§ 15.01–15.51 (West 1987 & Supp.1993)); *Caller–Times Publishing Co. v. Triad Communications,* 826 S.W.2d 576, 579 (Tex.1992); *see generally* David J. Van Susteren, Comment, *The Texas Free Enterprise and Antitrust Act—Analysis and Implications,* 22 Hous.L.Rev. 1181 (1985). One of the major changes was to model the Texas Act after the Sherman and Clayton Acts. *Caller–Times,* 826 S.W.2d at 580. The Texas Antitrust Act now explicitly says that its provisions "[s]hall be construed in harmony with federal judicial interpretations of comparable federal anti-

---

5. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (1988).

trust statutes to the extent consistent with this purpose." Tex.Bus. & Com.Code Ann. § 15.04 (West 1987).

In addition to the language of the statute, appellees point to the following item of legislative history as indicating that the "good cause" language was designed to permit discretionary transfers of venue because the legislature's purpose was to

> [r]ewrite the State's antitrust laws in conformance with the federal antitrust laws. Both the substantive and procedural provisions of the bill are patterned after the federal laws and the bill specifically instructs Texas courts to find guidance in application of the new laws from judicial interpretation of the federal laws.

Senate Committee on Business and Commerce, Bill Analysis, S.B. 397, 68th Leg., at 1 (1983).

Appellees assert that section 15.04 mandates the construction of Texas antitrust law in harmony with federal law. The above-quoted legislative history indicates that procedural law was to be looked to as well as substantive law. Federal law allows for a transfer based on the convenience of the parties. Therefore, appellees urge that federal venue principles can provide "good cause" for transfer.

First, the literal language of the statute does not refer to federal law in general, but to federal antitrust law. Similarly, the legislative history refers to federal antitrust law, not federal law in general. Federal antitrust law has a procedural section that governs venue choice. Forum non conveniens venue transfers, however, occur under a general venue statute, 28 U.S.C. § 1404(a) (1988), not under federal antitrust statutes.

Appellees argue, however, that to construe the phrase "good cause" as a reference to general venue practice makes the phrase superfluous, thus violating the principle that the entire statute is intended to be effective. Tex.Gov't Code Ann. § 311.-021(2) (West 1988). We disagree, because

the phrase in section 15.26 could have been intended to overrule a line of cases holding that the "plea of privilege" as a mechanism to move a cause from county to county did not apply to antitrust cases. *Cowan v. State*, 356 S.W.2d 170, 177 (Tex.Civ.App.—Austin 1962, writ dism'd w.o.j.); *Perfecto*, 228 S.W.2d at 220; *State v. Fairbanks–Morse & Co.*, 223 S.W.2d 339, 341 (Tex.Civ. App.—El Paso 1949, no writ). The language in section 15.26 would not have been superfluous to clarify that, under the new antitrust statute, general venue provisions could be used to transfer a cause; i.e., if a cause were brought in an incorrect county, the court could transfer it to a correct county, rather than dismiss it. *Id.* However, given that during the same session that the antitrust law was undergoing its major revision, the venue statute was undergoing a much-discussed revision as well, a specific reference to "plea of privilege" could have been rendered obsolete if, as it resulted, venue practice changed and the term "plea of privilege" was no longer used. *See generally* Dan R. Price, *New Texas Venue Statute: Legislative History*, 15 St. Mary's L.J. 855 (1984).

Appellees also make, in essence, a structural argument. Texas antitrust law now is intended to parallel federal antitrust law. In federal antitrust cases, forum non conveniens is available. To parallel federal law, therefore, forum non conveniens should be available in Texas cases. In fact, Texas law does parallel federal law; Texas looks to its general venue transfer provisions, as does the Federal antitrust law. The Texas general venue provisions, however, simply do not include forum non conveniens.

Further, had the legislature intended to incorporate forum non conveniens into Texas law, either in general venue provisions or in a specific subject area, the legislature could have referred to an existing model of a statute that included a forum non conveniens transfer provision. Tex.Fam.Code Ann. § 11.06(c) (West 1986).[6] The lan-

---

**6.** A forum non conveniens transfer may occur in a suit affecting the parent-child relationship:

> For the convenience of the parties and witnesses and in the interest of justice, the court, on the timely motion of any party, may trans-

guage is similar to that used in the general federal provision for transfer of venue. Had the legislature intended forum non conveniens to be available in antitrust cases, it had a model for so doing in specific language, without needing to resort to the general term "good cause."

We see no compelling reason to read the phrase "good cause" in section 15.26 of the Texas Antitrust Act as incorporating a venue transfer system generally repudiated in Texas. We sustain point of error one that the Hidalgo County District Court erroneously transferred venue.

**Effect of Venue Transfer Order**

 We have determined that the Texas Antitrust Act did not authorize the Hidalgo County district court to transfer venue on the basis of forum non conveniens. If the Hidalgo County district court was without authority to transfer the cause, then the transfer order was void. *Robertson v. Gregory*, 663 S.W.2d 4, 5 (Tex.App.—Houston [14th Dist.] 1983) (orig. proceeding). The only action that the Travis County District Court could take pursuant to a void transfer was to dismiss the cause and return the record to Hidalgo County. *State v. Fairbanks–Morse & Co.*, 223 S.W.2d at 341.

Were we reviewing a trial on the merits, if the transfer were erroneous as opposed to void, we would have to determine whether the cause ultimately had been tried in a county of proper venue. *See* Tex.Civ.Prac. & Rem.Code § 15.064(b) (West 1986) (if venue improper in trial on the merits, error cannot be harmless); *Ruiz v. Conoco, Inc.*, 36 Tex.Sup.Ct.J. 412, 417–18, 1992 WL 387420 (Dec. 31, 1992) (proper standard of review on appeal is whether the cause was eventually tried in a county of proper venue); *Wilson v. Texas Parks & Wildlife Dept.*, 853 S.W.2d 825, 828–29 (Tex.App.— Austin 1993, n.w.h.) (only question in venue appeals under 15.064 is whether venue proper in ultimate county of suit).

Section 15.064(b) also requires that, in determining whether venue was proper, the appellate court consider the entire record, including the trial on the merits. The purpose of that requirement was to prevent fraud, negligence or exaggeration as to venue facts that might not be discoverable until after a trial on the merits. *Humphrey v. May*, 804 S.W.2d 328, 330 (Tex.App.—Austin 1991, writ denied). In this appeal, however, we have not had a trial on the merits and do not have the benefit of such a record. Inasmuch as our disposition of the subject matter jurisdiction point means we must reverse and remand, we will reverse the judgment and remand the cause to the district court with instructions that the cause be returned to the original county of filing, Hidalgo County, for further proceedings consistent with this opinion.

---

fer the proceeding to a proper court in any other county in the state.

Tex.Fam.Code Ann. § 11.06(d) (West 1986). This section was part of the codification of the

Family Code in 1973. Act of May 25, 1973, 63rd Leg., R.S., ch. 543, sec. 1, § 11.06(c), 1973 Tex. Gen.Laws 1411, 1414 (now Tex.Fam.Code Ann. § 11.06(d)).